•———O———

E. WOODROW, Respondent, *vs.* W. H. H. YOUNGER, Appellant.

1. *Referee—Report of a special verdict—Venue, change of.*—The report of a referee is equivalent to a special verdict, and after its filing change of venue is properly denied.

*Appeal from Greene County Circuit Court.*

*Jas. F. Hardin, with J. E. Ellis,* for Appellant.

The right to change of venue and its requirements are purely statutory, and defendant has complied in all respects with them. (See Wagn. Stat., 1356, §§ 1, 2 and 3.)

This case is not that of *ex parte* Cox. (10 Mo., 743.) In case of an ordinary verdict, the evidence is in the breast of the court, and on change of venue, it must all be re-heard. But that taken before the referee is in writing, and alike open and accessible in any court, and may be passed on as easily by one court as by another.

This reference was not by consent, but involved the examination of a long account. The statute (Wagn. Stat., 1041, § 18) makes such reference for the information of the court only. And this does not preclude either party from other rights conferred by the statute.

*Bray & Cravens, with F. S. Hefferman,* for Respondent.

The application for change of venue, after finding and report of referee, was properly overruled. See *Ex parte* Cox, (10 Mo., 742) in which case the learned judge says : " There can be no doubt, however, that it never was contemplated that the progress of a suit could be interrupted at any period by such applications."

Napton, Judge, delivered the opinion of the court.

This was a suit against the curator of an estate, finally disposed of in the circuit court of Greene county. In September, 1870, the circuit court of Greene county, referred the matter to a referee, who at the May term, 1871, reported the evidence and his conclusion on it. After this report was filed and exceptions to it were made, but before the court gave any opinion on it, the defendant filed his application for a change of venue, on the ground that the judge was prejudiced, and was under the influence of the opposite party.

The application was denied, and its refusal constitutes the only point in the case. In *Ex parte* Cox, (10 Mo., 742) this court issued a *mandamus* upon a court, which allowed a change of venue after verdict, and it is conceded that that de- cision must control the present case, unless there is a material distinction between the verdict of a jury and the report of a referee, so far as the right to a change of venue is concerned ;

but in Franz vs. Dietrick, (49 Mo., 95) it was held that the report of a referee, in stating an account, is equivalent to a special verdict. It is clear that the change of venue asked, if granted, would have involved the necessity of another reference, and, consequently, the introduction of new evidence, and so in this way virtually allowed a new trial, without regard to the results of the first investigation or the opinion of the court upon it, and thus suits could be indefinitely protracted.

As the statute has not been changed in this respect since the decision in *Ex parte* Cox, we must, in conformity with that opinion, affirm the judgment.

Judge Sherwood was of counsel and did not sit. The other judges concur.