STATE ex rel. DARLING AND COMPANY, an Illinois Corporation, Relator,

v.

The Honorable William H. BILLINGS, Judge of the Circuit Court of Stoddard County, Missouri, and the Honorable K. W. Blomeyer, Referee, Respondents.

No. 53917.

Supreme Court of Missouri, En Banc.

Dec. 31, 1968.

Powell, Ringer & Baker, Dexter, for relator.

Hux & Green, Sikeston, for respondents.

FINCH, Judge.

This is an original proceeding in prohibition against the Honorable William H. Billings, Judge of the Circuit Court of Stoddard County, Missouri, and the Honorable K. W. Blomeyer, Magistrate Judge of Stoddard County, who was appointed as Referee by Judge Billings. Relator herein seeks to prohibit the respondents from taking any further action in the case of Gerald Bird and Virginia Lee Bird, Plaintiffs, v. Charles E. Tucker and Darling and Company, an Illinois corporation, Defendants, pending in the Circuit Court of Stoddard County, other than for respondent Billings

to enter orders changing the venue and disqualifying himself as Judge.

In response to our preliminary rule in prohibition, respondents filed their "Motion to Dismiss Provisional Rule in Prohibition," thereby confessing, for purposes of this proceeding, all facts well pleaded in relator's petition and raising only legal issues to be decided on those facts. State ex rel. Hopkins v. Stemmons, Mo.App., 302 S.W.2d 51.

Sometime prior to November 27, 1967, Darling and Company, relator herein, commenced publication of foreclosure of a deed of trust given by Gerald Bird and Virginia Bird. Charles E. Tucker was named as trustee in that deed of trust. On November 27, 1967, Birds filed in the Circuit Court of Stoddard County against Tucker and Darling and Company a suit in two counts, the first of which sought to enjoin further proceedings to foreclose the deed of trust, and the second sought an accounting.

On February 5, 1968, in response to a request in the petition in the above suit requesting appointment of a Referee, respondent Billings sustained the application and appointed Honorable K. W. Blomeyer as Referee. The order entered was as follows: "Application for reference sustained; Honorable Koss Blomeyer designated as Referee to hear and determine all issues and report to the Court."

Thereafter, pursuant to notice given March 25, 1968, relator filed an application for disqualification of the Referee which alleged that Darling and Company could not have a fair and impartial trial before the Referee because of his bias and prejudice and because the opposite parties had an undue influence over him. This application was overruled by Judge Billings on April 1, 1968. No reason was assigned in the order but the petition for prohibition alleges that respondent orally stated that the application was denied because no evidence

was presented other than that contained in the affidavit to the application.

An application for change of venue and for disqualification of judge was filed by relator in the Circuit Court of Stoddard County on April 19, 1968, pursuant to notice given to opposing counsel on April 17. That application alleged undue influence by the opposing parties over the inhabitants of the county and that the judge was prejudiced. This application was taken up by respondent Billings on May 6, 1968, with all attorneys present, and was taken under advisement. Thereafter, on May 20, 1968, the application was overruled in an order reading as follows: "Application for Change of Venue and Disqualification of Judge denied on following grounds: (1) Dilatory; (2) Not timely filed; (3) Matter heretofore submitted by Court to Referee on February 5, 1968."

Application to this court for writ of prohibition was filed on May 24, 1968, and our preliminary rule in prohibition followed. Respondents then filed their motion to dismiss, which alleges that the petition for writ of prohibition does not state facts sufficient to state a cause of action, that the facts stated therein do not entitle the relator to the relief sought, and that the facts alleged show, as a matter of law, that respondent Billings had legal authority to do that which it is sought to prohibit him from doing.

The application for change of venue and for disqualification of judge filed on April 19, 1968, alleged prejudice on the part of the inhabitants in that the opposing parties had an undue influence over them and alleged that the judge of the court was prejudiced. It stated that the information had come to relator on April 17, 1968, which was two days before it was filed. Notice of intention to file the application was given to the opposing parties on April 17. The application was supported by affidavit of the Credit Manager of relator, verifying the

above recitals and stating that the application was made in good faith and not to delay the trial or to vex or harass the other parties. At the time the application was filed, this case had not been set for trial. As a matter of fact, the Referee, on April 23, 1968, four days after the application was filed, set the case for trial before him on May 28.

The verified application filed on April 19, 1968, was sufficient to comply with the provisions of Supreme Court Rules 51.03 and 51.06, V.A.M.R. State ex rel. Jakobe v. Billings, Mo., 421 S.W.2d 16; State ex rel. Interstate Motor Freight System, Inc. v. Hall, Mo., 409 S.W.2d 678. There had been no prior change of venue or change of judge in this case. Accordingly, respondent Billings was obligated under Supreme Court Rule 51.07 to sustain the application unless he was justified in denying it for one or more of the reasons recited in his order of May 20, 1968.

The first ground assigned in the order denying relator's application was that it was dilatory. In substance, this is an allegation that the application was not filed in good faith. The record before us, which, of course, is the record made in the Circuit Court, does not so show. In deciding this question the court may consider what is shown by its own records, pleadings and files, but may not go outside the record and rely on outside information or private knowledge or belief. In re Boeving's Estate, Mo.App., 388 S.W.2d 40, 51.

The second reason assigned was that the application was not timely filed. The verified application shows that it was filed two days after the date on which it is alleged that information came to applicant, which is timely under our rules with respect to change of venue. In all probability, this ground refers to the fact that a referee had been previously appointed on February 5, which is ground (3) in the order of May 20. If this is not the basis intended, we find no support for this assignment. Accordingly, we consider grounds (2) and (3) together.

If, when this application for change of venue and change of judge had been filed, respondent Blomeyer had already heard the testimony and prepared his report, it is clear that the application would have been untimely and properly overruled. In Woodrow v. Younger, 61 Mo. 395, a long account was involved and a referee was appointed by the Circuit Court. He heard the evidence and prepared and submitted his report to the Circuit Court. Thereafter, and before any action was taken on the referee's report by the Circuit Court, defendant filed application for change of venue on the ground that the judge was prejudiced and was under the influence of the opposite party. The application was denied. On appeal, this court affirmed. The opinion pointed out that the report of the referee is the equivalent of a special verdict and then said, l. c. 397: "It is clear that the change of venue asked, if granted, would have involved the necessity of another reference, and, consequently, the introduction of new evidence, and so in this way virtually allowed a new trial, without regard to the results of the first investigation or the opinion of the court upon it, and thus suits could be indefinitely protracted." See also in this connection State ex rel. Kimbrell v. People's Ice, Storage & Fuel Co., 246 Mo. 168, 151 S.W. 101. These cases are consistent with our rule that when a trial has been started, an application for change of venue or change of judge is untimely and will be overruled. Massey v. Fitzpatrick, Mo., 175 S.W.2d 780; Browder v. Milla, Mo.App., 296 S.W.2d 502.

In view of the rule established in the above cases that a change of venue will not be granted once a trial has been started, it would appear that an application for change filed after a referee has commenced hearing the evidence would be too late. However, in this instance, respondent Blomeyer had not started taking any testimony. The case was not even set. Under those

circumstances, the mere entry of an order granting a reference and appointing a referee should not and does not bar a change of venue and change of judge where proper application therefor is made. The situation is not unlike, in principle, that which would exist in a case wherein the parties stipulated that a jury would be waived and the case tried before the court. Under such circumstances, where no trial had been commenced, the mere entry of an order providing for trial by the court without a jury would not mean that a proper application thereafter for change of venue or change of judge came too late.

We hold that relator's application for change of venue and change of judge should have been sustained.

The question remaining relates to what effect such a change of venue and change of judge has upon the appointment of respondent Blomeyer as referee and whether our rule in prohibition should apply to him. This is a question upon which we find little direct authority. Counsel, although diligent, have not cited any case deciding this precise question, and we have found none. If the question has arisen, we have not discovered any instance in which it has reached and been decided by an appellate court.

Perhaps the nearest case which we have found is Woodrow v. Younger, supra. It can be inferred from what the court said there that the court was of the view that the granting of a change of judge would have vacated the appointment of the referee. The opinion mentions that such a change of venue would necessitate the introduction of new evidence and would involve another reference. This would not have been true if the only effect of the change of judge would have been that the referee would make his report to a different judge.

■ When a change of venue and change of judge is granted, the regular officers of the circuit court from which the change is granted are not transferred with the case. Their connection therewith terminates just as does that of the judge from whom the change is taken. Similarly, a jury panel of the county from which the change is taken does not follow the case to another circuit. The referee is an officer of the circuit court which appoints him. His function is limited to the particular case in which he is appointed, but he is an officer of that circuit court for that purpose. His report is equivalent to a special verdict and hence he corresponds, in part, to a jury. This being true, it logically follows that when the case is transferred to another circuit court in another county and circuit, the connection of the referee appointed therein should terminate the same as that of regular officers of the court and of a jury panel.

The conclusion we reach will not create a problem in an instance where a referee has commenced the taking of testimony because, as we have indicated, the application for change under those circumstances would be untimely and the case would not be transferred to another circuit court. Where, however, a trial has not been started and a change of venue and change of judge is granted, the appointment and authority of the referee appointed by the circuit court from which the change is taken is terminated and a new referee can and should be appointed by the court to which the case is sent.

Accordingly, we hold that our writ of prohibition should extend to respondent Blomeyer as well as to respondent Billings.

Our provisional rule in prohibition is made absolute and respondents are prohibited from taking any further action in the aforementioned case of Gerald Bird and Virginia Lee Bird, Plaintiffs v. Charles E. Tucker and Darling and Company, an Illinois corporation, Defendants, except for respondent Billings to enter an appropriate order or orders granting a change of venue and disqualifying himself therein.

All concur.