**COMMERCIAL CREDIT EQUIPMENT CORPORATION, a corporation, Respondent,**

v.

**Virgil F. COLLEY and Imogene W. Colley, Appellants.**

**No. 25640.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1972.

Howard D. Lay, Edward L. Simmons, Kansas City, for appellants.

Donald L. Mason, Kansas City, for respondent.

DIXON, Judge.

This case was resubmitted after respondent's motion for rehearing was sustained.

It is an appeal from the Circuit Court of Clinton County challenging the ruling of the trial court overruling a motion to quash or stay execution which raises but a single issue, the jurisdiction of the trial court to enter an order sustaining a motion for summary judgment after the filing of an application and affidavit for disqualification of trial judge.

The transcript demonstrates that on the 8th day of May, 1969, the parties appeared in the Circuit Court of Clinton County, Missouri, and an off-the-record conference was held in the Judge's chambers, the specific occurrences in that conference not being shown of record. When the Judge entered the courtroom and opened court, the defendants filed, through their then-attorney, Mr. Fred Freel, an application and affidavit for disqualification of the Judge. This recited that knowledge and information of prejudice was obtained by defendants on the 8th day of May, 1969, being the day of the filing. A considerable col-

loquy occurred between the counsel and the court at that point, from which it appears that the court had indicated he intended to sustain the plaintiff's motion for summary judgment upon the basis of his examination of the file the evening prior to the day of trial. It also appears from the colloquy that counsel for defendants felt that prejudice had been exhibited by the court because the court indicated that he would rule the motion for summary judgment adversely to the defendants before they had an opportunity to be heard on it. The court, confronted with this situation, denied the affidavit and petition for disqualification of judge and then sustained the *motion for summary judgment filed by the plaintiff.* Immediately upon that ruling, the court then disqualified himself.

This ruling of the court as shown by his minute book made no mention of the amount of the judgment nor of its constituent parts. Thereafter, the court requested counsel to present a judgment entry which counsel for the plaintiff apparently did. This judgment entry set forth the amounts to be recovered by the plaintiff under its petition, including attorney's fees, interest, and the amount due under the plaintiff's claim and included a further order making the judgment on plaintiff's petition a final order for the purposes of appeal. Defendants' then-counsel filed a notice of appeal to the Supreme Court of Missouri, but failed to take any steps to perfect that appeal, and it was, thereafter, dismissed by the Supreme Court of Missouri for failure to file a transcript.

After the dismissal of the appeal in the Supreme Court, the plaintiff-company caused an execution to be issued and the defendants filed a motion to quash that execution or to·stay process thereon. That motion was overruled by the trial court on the 25th day of September, 1970. On October 5, 1970, defendants filed their notice of appeal to this court. Defendants' motion to quash or stay the execution specifically raised the question of the jurisdiction of the trial court to enter the order sustaining the motion for summary judgment after an affidavit and petition for his disqualification had been filed.

■ Before turning to the merits of the question, we note one other matter. Respondent suggests in its brief that there has been a satisfaction of the judgment, and an exhibit has been filed here purporting to show the satisfaction of the judgment. The transcript of the proceeding by which we are bound contains no such satisfaction nor any stipulation or other agreement by which we could consider any exhibits filed in this court for the first time. Cobb Builders, Inc. v. Naidorf, 472 S.W.2d 33 (Mo.App.1971), l.c. 35. Respondent does not contend that the issues in this cause are moot.

■ On the issue of the propriety of the action of the trial court in refusing to disqualify himself, we conclude that he should have done so. There can be no question but that the application was in proper form. The court indicated that he felt it was filed in bad faith, and the colloquy between counsel and the court indicates that the court might have been sorely tried by counsel for the defendants; but cases have uniformly held that when an affidavit for disqualification of the judge is filed in proper form that the court has no discretion except to take action to sustain the affidavit and petition as a matter of right. In re Boeving's Estate, 388 S.W.2d 40 (Mo.App.1965), l.c. 51; State ex rel. Musser v. Dahms, 458 S.W.2d 865 (Mo.App. 1970), l.c. 868.

■ The reference by the trial judge to his belief that the application was in bad faith cannot justify his refusal of the requested disqualification in this case. The question of bad faith must be determined upon the record itself and not upon the outside information or private information and belief of the trial judge. State ex rel. Darling and Company v. Billings, 435 S. W.2d 377 (Mo.Sup.1968), l.c. 380.

**628**

Respondent has urged that the trial court was disqualified by reason of his ruling and not because of prejudice. Cases are cited such as Pippas v. Pippas, 330 S. W.2d 132 (Mo.App.1959), 1. c. 135; and Browder v. Milla, 296 S.W.2d 502 (Mo. App.1956), 1. c. 507, which hold that exercise of judicial trial function, however erroneous, cannot afford a basis for disqualification. The significant and controlling difference on these facts is that the defendants' counsel asserted that the ground for prejudice was the fact that the court had denied him an opportunity to be heard and the court indicated his mind was closed on the subject. No denial of these assertions appears. As noted above, the evidence of bad faith must be of record.

It is likewise settled law that when the trial court has improperly refused an application for disqualification, the further action of the trial court as to substantive matters in the disposition of the case is without jurisdiction. Ralston v. Ralston, 166 S.W.2d 235 (Mo.App.1942), 1. c. 238.

Respondent asserted in the additional briefs submitted at the request of the court on the original submission that the application was not timely filed within the prohibition of Rule 51.06, V.A.M.R. The contention is that the cited rule requires that the application be filed more than five (5) days prior to the date of the trial setting. The necessary premise for this contention is that the case be set for trial. An examination of this record discloses that the case was not set for trial when this application was filed. The court had notified the jurors the night before not to be in attendance and a portion of the trial court's understandable irritation was due to the necessity for the late cancellation of the jury. The trial setting had been effectively cancelled and the difficult problem of determining the question of the validity of an application during the five (5) days prior to a trial setting is not in this case.

The trial court was without jurisdiction to enter an order sustaining the motion for summary judgment when the application and affidavit for disqualification of the judge in proper form had been filed prior to his ruling. This necessarily requires a finding that the motion to quash or stay execution on the void judgment should have been sustained. The cause is remanded to the trial court with directions to set aside the order and judgment granting the plaintiff summary judgment and reinstate the cause on the trial docket.

All concur.