In re **MARRIAGE OF Claire FRANKEL,** **Petitioner-Appellant,**

**and**

**Harvey Frankel, Respondent.**

No. 37310.

Missouri Court of Appeals, St. Louis District, Division 1.

April 12, 1977.

Motion for Rehearing or Transfer Denied May 6, 1977.

Application to Transfer Denied June 14, 1977.

Newmark & Baris, Irl B. Baris, St. Louis, for petitioner-appellant.

Theodore S. Martin, St. Louis, Hershman & Leicher, New York City, for respondent.

DOWD, Judge.

Petitioner Claire Frankel brings this appeal from an order decreeing the dissolution of her marriage to respondent Harvey Frankel. She contends that the trial court erred in denying her applications for a continuance and for a change of judge, which were not filed until the day of the hearing, and in failing to enter an award of attorney's fees in addition to the amount awarded her at the prior pendente lite hearing. We find no error and affirm the judgment in all respects.

The cause was originally set for trial on May 5, 1975 but was continued to June 2, 1975 because petitioner's lawyer was in trial in the federal court.

Neither petitioner nor her attorney appeared in court on June 2, however, and respondent's attorney informed the court that counsel for petitioner was concluding a trial in federal court and would be available the following day. On June 3, the court proceeded to trial in another cause but informed counsel for both parties that the instant cause would be tried at 9:30 a. m. on

June 4. Counsel for petitioner telephoned his client, who was in suburban New York City, during the afternoon of June 3 to inform her of this, but was unable to reach her. He then contacted her New York attorney and asked him to inform petitioner of the setting so that she could fly to St. Louis. That evening petitioner's St. Louis counsel was made aware of the fact that petitioner was ill and unable to travel to St. Louis for at least two weeks. He instructed the New York attorney to forward a telegram from petitioner's physician to the trial judge immediately.

When court convened on June 4, however, no such telegram had surfaced. The trial judge was made aware of the situation and instructed counsel to appear that afternoon. At approximately 3:00 p. m. the court received a telegram from petitioner herself, stating that she was ill and unable to travel, but the promised telegram from her physician never did arrive. There was a doctor's strike in New York at that time. The court expressed concern at the fact that petitioner had remained in New York on June 2, prior to her alleged illness, despite the original setting for June 2. After extended argument, the court denied petitioner's applications for a continuance and for change of judge which had been filed that day. The cause proceeded to trial, with counsel's testimony relative to his professional services and fees being the only evidence presented by petitioner.

■ The granting or denial of an application for a continuance, even one premised upon the illness of a party, rests within the sound discretion of the trial court. That discretion must be judicial in nature, but on appeal every intendment is in favor of the trial court's ruling. *Blessing v. Blessing*, 539 S.W.2d 699, 702–703[3–6] (Mo.App. 1976). "Denial of a continuance is rarely reversible error. The trial court has the right to control the docket and the progress of litigation. The grant or denial of a continuance is therefore discretionary. *State ex rel. Schaper v. Stussie*, 487 S.W.2d 49 (Mo.App.1972)." *Blessing v. Blessing,*

*supra* at 702. We have examined the record and find no abuse of discretion under the circumstances of this case.

■ The application for change of judge was not timely filed and therefore the denial of this application was also proper. Rule 51.05. The right to disqualify a judge is a privilege, and strict compliance with the provisions of the rule is essential. *In re Estate of Barks*, 488 S.W.2d 928, 930[1] (Mo.App.1972). We recognize that allegations of bias and prejudice by the trial judge toward a litigant are certainly still cognizable on appeal if the litigant fails to file a timely application for change of judge. See, e. g., *Gates v. State*, 515 S.W.2d 762, 763 (Mo.App.1974); *Crimi v. Crimi*, 479 S.W.2d 195, 197–198 (Mo.App. 1972); *Browder v. Milla*, 296 S.W.2d 502, 507–508 (Mo.App.1956). We have, therefore, examined the record for evidence of any bias or prejudice toward petitioner by the trial judge. The record fails to establish bias and prejudice by the judge. Petitioner's second point is denied.

■ Finally, we find no abuse of discretion in failing to award additional attorney's fees to petitioner. She had already received a $1,600.00 attorney's fee award at a prior pendente lite hearing, and respondent was not in a financial position to shoulder further burdens. Allocation of attorney's fees by the court is a matter entrusted to the court's discretion, and we decline to disturb the exercise of that discretion in this case. *Powers v. Powers*, 544 S.W.2d 339, 340[2] (Mo.App.1976); § 452.355 RSMo.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.