**NATURAL BRIDGE DEVELOPMENT CO., Appellant,**

v.

**ST. LOUIS COUNTY WATER CO., Respondent.**

**No. 38650.**

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 28, 1978.

Milton L. Schwartz, St. Louis, for appellant.

Richard T. Ciottone, St. Louis, for respondent.

STEWART, Presiding Judge.

Plaintiff, the owner of a multi-family apartment complex, filed suit for declaratory judgment against defendant water company, a public utility, to determine a dispute between the parties over billing for water used in the apartment complex. Plaintiff alleged that defendant's water meters were inaccurate and as a result plaintiff was charged in excess of three times the amount charged for water used in the apartment complex during comparable periods. Plaintiff also sought an injunction to prevent defendant from discontinuing water service to plaintiff pending the disposition of the declaratory judgment action. A temporary restraining order was issued and defendant was ordered to show cause why a temporary injunction should not be issued. Defendant filed a motion to dissolve the temporary restraining order and a motion to dismiss plaintiff's petition for lack of subject matter jurisdiction. The trial court dismissed plaintiff's petition for lack of subject matter jurisdiction. Facts necessary to disposition of issues will be set out hereafter.

On this appeal plaintiff contends that because his Application for Change of Judge was timely filed pursuant to Rule 51.05, it was error for the trial court to overrule the application and that the court thus lacked jurisdiction to enter its order dismissing its petition. Plaintiff alternatively contends that the court erred in dismissing his petition for lack of subject matter jurisdiction because the subject matter of the action, overcharge by reason of improperly functioning meters, is not within the exclusive jurisdiction of the Missouri Public Service Commission. We reverse and remand.

We conclude that the trial court should have granted the Application for Change of Judge which forecloses our consideration of other issues raised by plaintiff.

With respect to the court's action on plaintiff's Application for Change of Judge the transcript reveals that a temporary restraining order was issued on July 27, 1976, restraining defendant from discontinuing water service to plaintiff. The order to show cause why a temporary injunction should not be issued was set for August 23, 1976. On August 20, 1976, defendant filed a motion to dissolve the temporary restraining order, a motion to dismiss plaintiff's petition and a memorandum in support of its motion to dismiss. At that time the court, on its own motion, continued the show cause order to August 25, 1976.

The next entry in the transcript is a court memorandum signed by counsel and by the court dated August 25, 1976. It reads:

"Cause called on show cause order and with consent of both parties; said show cause order is continued to September 9, 1976 and Plaintiff is granted to said date within which to file a reply to Defendant's motion to dismiss."

On August 27, 1976, plaintiff filed an Application for Change of Judge and notice that the application would be called up for hearing on September 7, 1976. The record shows that on September 7, the Application for Change of Judge was called and overruled. On September 14, the "motion to dismiss was argued and submitted." On October 13, the court entered its order dismissing plaintiff's petition "without prejudice for lack of jurisdiction."

The present rule governing change of judge, 51.05, became effective September 1, 1975. For our purposes it is the same as Rule 51.05 which became effective September 1, 1973. The rule as promulgated in 1973, and as it now stands with minor changes, replaces Rule 51.03 and 51.06 effective March 1, 1964 and represents a substantial departure from the older rules. Formerly, a change of judge could be obtained only for the causes enumerated in 51.03 (eff. 1964). The application for change was required to set forth the cause for disqualification and the date when the applicant first obtained knowledge of the cause and an affidavit as to the truth of the application and, among other things, a statement that the affiant had just cause to believe he could not obtain a fair trial and that the request was not for the purpose of delay. Rule 51.06(a). The application was required to be filed within 5 days after knowledge of the existence of cause became known and no later than 5 days "before the date set for trial on the merits." Rule 51.06(c) (eff. 1964).

The portions of Rule 51.05 necessary to our discussion are subsections (a), (b) & (e). They read:

"(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.

"(b) The application must be filed at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later, unless the trial judge has not been designated within that time, in which event the application may be filed within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier.

"(e) Upon the presentation of a timely application for change of judge, the judge

shall promptly sustain the application . . . ."

It is apparent that subsection (a) of the rule made a most substantial change in this area of the law. The party seeking a change of judge need not allege or prove any cause for the change. The right to a change of judge is placed in the category of the peremptory jury challenge. Aside from service of a copy of the application and notice, the only prerequisite for granting a change of judge is a timely application for the change. The application need only state, " _____ requests a change of judge."[1], and upon presentation of the timely application the judge is required to promptly sustain the application and obtain a judge to try the cause in accordance with Rule 51.05(e)(1), (2).

In this case defendant, in his argument, stresses the fact that the trial judge at some time on August 25 stated that he was familiar with the law of the case and would be inclined to sustain defendant's motion to dismiss. There is nothing in the record with respect to the comments of the judge; plaintiff, however, in its brief, concedes that the court did make a statement to that effect. We may therefore take the matter into consideration. *Hammack v. White,* 464 S.W.2d 520, 522[1–5] (Mo.App.1971).

■ Because the applicant for a change of judge is not required to allege and prove the reason therefor, there is no basis for inquiry into the reason for the application. The only issue open for inquiry is the timeliness of the application. The fact that the court expressed an opinion as to the merits of the controversy is not material to that issue.

■ In this case the trial judge had been designated so that the application was required to be "[f]iled at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later . . . ." Rule 51.05(b). Plaintiff urges us to rule that the hearing on the show cause order is not a trial within the meaning of the rule. De-fendant urges that a hearing on an order to show cause is a trial. It is unnecessary for us to rule on this issue. Plaintiff filed its Application for Change of Judge on August 27, two days after the hearing on the show cause order was set. Therefore, even if the hearing constitutes a trial, the application was timely because it was filed " . . . within five days after a trial setting date has been made . . . ."

Respondent urges us to hold that the matters upon which the court ruled in dismissing plaintiff's petition had been submitted to the court prior to plaintiff's application and that the Application for Change of Judge was untimely under authority of *Jenkins v. Andrews,* 526 S.W.2d 369 (Mo. App.1975). The well reasoned opinion of Welborn, S. J., is readily distinguished from the case at hand.

In that case the parties had filed a motion for summary judgment and a motion to dismiss. All of the evidence necessary for the disposition of the case had been presented to the court, the motions had been fully argued and the issues submitted. The court had made a tentative expression of opinion on the merits of the cause. Plaintiff, in that case, at the suggestion of the court that an amendment to the petition was required, obtained 30 days in which to file an amendment to his petition. Within the 30 day period plaintiff filed an application for change of judge. After argument on the application, the court dismissed plaintiff's petition and then granted the request for change of judge.

The Kansas City Court of Appeals affirmed the action of the trial court. It held that the right to disqualify a judge may not be employed to produce absurd results. *Jenkins,* supra, at 372. The court also said, l. c. 373:

"To permit appellants to disqualify the judge, rather than to file their amended petition, would nullify the hearing which had been held, result in a duplication of the proceeding already undertaken and permit appellants to take advantage of a

1. Committee note—1973.

tentative expression of opinion by the trial judge on the matter submitted to avoid his action upon it. Such result is not required by Rule 51.05. . . . the action of the trial court in ruling on the motion previously submitted before acting on the disqualification was not error."

Defendant argues that "[a]ppellant herein, as in *Jenkins,* permitted a hearing to be called, listened to Respondent's arguments, listened to the court's comments, and was given a full opportunity to respond." Defendant makes no reference to the transcript with respect to these assertions. In the record before us there is no evidence that a hearing was held on August 25. The record entry of the trial court quoted verbatim above reveals that the cause was called and continued by consent. The court had nothing under submission at the time plaintiff filed his Application for Change of Judge. In this essential regard this case is clearly distinguished from *Jenkins.*

The extent of the rule announced in *Jenkins* is that the timely filing of an application for change of judge cannot deprive the court of jurisdiction to rule upon those matters which are then under submission to the court for a ruling. The court may rule upon those matters then under submission and the only power it has thereafter is to " . . . promptly sustain the application . . . " Rule 51.05(e).

At the time the Application for Change of Judge was filed there was no matter under submission to the court, whether or not the show cause hearing was a trial, the application was filed two days after the setting was made. The application was timely filed. Plaintiff was entitled to a change of judge upon the filing of the application. 51.05(a). Upon presentation of the application the court was required to promptly grant the request for change of judge. 51.05(e). The court was without jurisdiction to take any further action in the cause. *Commercial Credit Equipment Corp. v. Colley,* 485 S.W.2d 625, 628[5] (Mo. App.1972). The court had no power to enter its order dismissing plaintiff's petition.

The cause is remanded to the trial court with directions to set aside the judgment dismissing plaintiff's petition and to grant plaintiff's Application for Change of Judge.

REINHARD and STEPHAN, JJ., concur.