Sanford E. WEST, Jr., Appellant,

v.

Melba G. MORAN, Pamela Gilmartin, Crystal Brohammer and Ginger Caby, Respondents.

No. 40302.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 21, 1979.

Daniel P. Reardon, St. Louis, for appellant.

James L. Homire, Jr., St. Louis, for respondents.

CRIST, Judge.

Appellant contested the will of his mother upon the issues of mental incapacity and undue influence.

Testatrix had devised and bequeathed a substantial part of her property to a friend with whom she had lived for the last eighteen years. Appellant's mother made no provision in her will for her son. The trial court directed a verdict against contestant at the close of his case.

Upon appeal, the contestant's first argument is that the trial judge erred in refusing to disqualify himself pursuant to Rule 51.05. We agree with appellant.

The record indicates the case was assigned for trial and came before the trial judge on February 28, 1978. Because the appellant indicated he would seek a writ of prohibition in the appellate court, the trial judge agreed not to proceed to trial that day.

The following day, March 1, 1978, appellant did file a petition for a writ prohibiting further proceedings. The trial judge indicated he desired to proceed with the trial until the appellate court should either deny or issue the preliminary writ and would grant a mistrial should the preliminary writ issue. Appellant's counsel then stated his intention to disqualify the judge should he proceed to trial prior to the appellate court's ruling upon the writ application. Following a discussion between the judge and both counsel, the trial court indicated it would not proceed to trial prior to the appellate court's disposition of the writ proceedings. Appellant's counsel indicated he had no reason to disqualify the judge should he await the appellate court's ruling before proceeding.

The appellate court denied the petition for the writ during the afternoon of March first. The trial court recessed until 9:30 the next morning.

On March 2, 1978, appellant's counsel arrived in court at between 9:30 and 9:35 a. m. to find opposing counsel, the judge, and the jury seated in court. Appellant's counsel made oral application for a change of judge. The trial court granted appellant leave to later substitute and file a written application for change of judge, but denied the oral application for change of judge. Thereafter, the jury was sworn, and trial commenced.

On March 3, 1978, appellant asked leave to file his late, written application for change of judge. The court granted his request. The written application for change of judge was filed. The court denied his application.

Respondent says he was never served with a copy of appellant's written application for change of judge as required by Rule 51.05(c). However, respondent had actual notice of appellant's application for change of judge. The written application for change of judge was a substitute for the oral motion filed on March 2, 1978.

Rule 51.05 commands the trial court to sustain a timely, written application for change of judge. The application is timely if:

". . . filed at least thirty days before the trial date or within the five days after a trial setting date has been made, whichever date is later, unless the trial judge has not been designated within that time, in which event the application may be filed within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier." Rule 51.05(b).

The trial judge has no discretion but to grant the timely request except to rule upon pre-trial motions which have already been submitted to the judge. *Natural Bridge Development Co. v. St. Louis County Water Co.*, 563 S.W.2d 522 (Mo.App.1978).

 In the instant case, the application for change of judge was made within ten days after designation of the trial judge and prior to the commencement of the trial. The request was timely.

Our disposition of appellant's argument concerning Rule 51.05 makes unnecessary any consideration of appellant's other argument that he made a submissible case that the testatrix lacked testamentary capacity or that the will was the result of undue influence.

The judgment is reversed and remanded.

REINHARD, P. J., and GUNN, J., concur.