STATE of Missouri ex rel. William Harrison NORTON, Guardian of the Estate of Hise Norton Settle, Incompetent, now deceased, and William Harrison Norton, Named Executor in the Will of Hise Norton Settle, Relator,

v.

The Honorable Rollie R. BALDWIN, Judge of The Probate Division of the Circuit Court of Clay County, Missouri, Respondent.

No. WD 31907.

Missouri Court of Appeals, Western District.

March 2, 1981.

John H. Norton, Kansas City (Norton, Pollard & Norton, Inc., Kansas City, of counsel), for relator.

J. Michael Dorsey, Kansas City (Stinson, Mag & Fizzell, Kansas City, of counsel), for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER, DIXON, PRITCHARD, SWOFFORD, CLARK, and MANFORD, JJ.

ORIGINAL PROCEEDINGS IN PROHIBITION

PRITCHARD, Judge.

Relator filed his application for writ of prohibition upon which a preliminary rule was issued, seeking to prohibit respondent judge from proceeding with regard to a Petition of Interested Party for Order to Require Administration in Clay County, Missouri, in the face of relator's application for change of judge. The issue is whether that application was timely filed.

The instant proceedings arise out of the estate of Hise Norton Settle, who died on March 14, 1980. Her will was filed in the Probate Division of the Circuit Court of Platte County, Missouri, on the day of her death. The petition to require administration in Clay County was filed on April 11, 1980, by Richard P. Bronson, Jr., who is an heir of testatrix as a lineal descendant of Lucille Liegerot Bronson Dewar, a distribu-

tee under the will and who predeceased testatrix. An initial hearing on that petition was set for April 25, 1980. On April 18, 1980, the relator filed an application for letters testamentary in the estate in Platte County. He appeared on his own behalf before respondent at the April 25th hearing and immediately moved for dismissal of the petition for lack of jurisdiction, appending to his motion a certificate of Order of Probate of Will issued by the Platte County Probate Division dated April 22, 1980. Respondent took the motion under advisement and requested briefs of the parties, relator's by May 6th and petitioner's by May 16th. Bronson, a resident of California, requested that he be permitted to testify at the April 25th hearing due to the inconvenience and expense of returning at a later date, and for those reasons, Bronson was allowed to testify as to all matters having to do with his petition. Thereafter, further proceedings were continued until May 22, 1980.

Relator, on April 29, 1980, requested respondent to clarify the order of April 25th, to which he responded on May 5, 1980, that he would, on May 22, 1980, decide whether he or the Platte County court had jurisdiction to decide the question of venue (for the administration of the estate). "If I determine that this Court should determine venue, then we will proceed to determine whether the proper venue for the administration of the deceased estate is in Clay County or Platte County. We will not determine any of the matters regarding who the appropriate person is to be administrator at that time, those matters will be taken up at a subsequent hearing." On May 6, 1980, relator filed his motion for change of judge, which was sustained on May 7, 1980.

Then, on May 22, 1980, respondent took up a motion for reconsideration of the change of judge, and found that its order of May 7, 1980, was premature [not stating a reason therefor] and set that order aside "inasmuch as Rules of Civil Procedure had not been followed as required by Sec. 472.-060 (RSMo.)." (Amended by Laws 1978, p. 833, § A (§ 1), effective Jan. 2, 1979.) Further, on May 22, 1980, respondent took up the issue of whether the Probate Divisions of Platte County or of Clay County had jurisdiction to determine venue finding that the petition to require administration was filed in Clay County on April 11, 1980, *before* the application for probate of will and letters testamentary were filed in Platte County on April 18, 1980, and concluding that § 473.010, RSMo 1978, gives respondent jurisdiction to determine the proper venue for the administration of the deceased's estate. Paragraph 2 of that statute is: "If proceedings are commenced in more than one county, they shall be stayed except in the county where first commenced until final determination of venue in the county where first commenced. The proceedings are deemed commenced by the filing of an application for letters; and the proceedings first legally commenced extends to all of the property of the estate in this state." Included in the order of May 22, 1980, is this: "Upon request of counsel, this Court will hear the issue of venue to administer said deceased estate on June 19, 1980, at 9:30 A.M., and if it is determined that the proper venue is in this Court then the Court will proceed immediately, on the same date, to receive evidence on the Petition to Require Administration and rule on said issues."

Relator does not contend that the change of judge motion, sustained on May 7, 1980, was timely. Indeed it was not, the application not being made within five days after the trial setting had been made under Rule 51.05. Thus, the respondent had a basis for setting aside the previous order for change of judge on May 22, 1980.

On May 23, 1980, relator again moved for a change of judge, which motion was heard by respondent on May 27, 1980, when it was denied upon the finding "that the application filed herein to require administration was set for hearing and taken up on the 25th day of April, 1980, and partial testimony was received at that time, and that as Application for Change of Judge has not been timely filed in accordance with the Rules of Civil Procedure * * *."

Rule 51.05(b) for the procedure for a change of judge provides, "The application must be filed at least thirty days before the trial date *or within five days after a trial setting date has been made,* whichever date is later, * * *." (Italics added.) This rule in its present form became effective September 1, 1975, but is identical to prior Rule 51.05 which was effective September 1, 1973. Thus, precedents since the latter date may be considered. The resolution of the issue requires a determination of what was the trial setting date. Relator contends that it was on May 22, 1980, when the question of proper venue to administer the estate was set for hearing for June 19, 1980. Respondent contends that trial on the merits was begun on April 25, 1980, the date for which the application to require administration was set, and Bronson's testimony was heard.

On May 22, 1980, all that respondent took up was the matter of the court's jurisdiction to decide the question of venue under the statute (§ 473.010, supra). No determination was actually made as to proper venue for the estate to be administered—that basic issue was reserved for hearing on June 19, 1980.

Relator relies heavily upon *Natural Bridge Development Co. v. St. Louis County Water Co.,* 563 S.W.2d 522 (Mo.App.1978), that the setting for "trial" of the case had not occurred before May 22, 1980, and therefore his application to change judge filed one day later was timely. In that case, a temporary restraining order was issued on July 27, 1976, to prevent defendant from discontinuing water service pending a declaratory judgment action to determine a dispute between the parties over billing for water. An order to show cause why a temporary injunction should not issue was first set for August 23, 1976. On August 20, 1976, defendant filed motions to dismiss the petition and the temporary restraining order. The order to show cause was, on August 20, 1976, reset for August 25, 1976, and then continued to September 9, 1976. On August 27, 1976, plaintiff filed an application for change of judge and notice for the hearing thereof for September 7, 1976,

at which time it was overruled and on October 13, 1976, plaintiff's petition was dismissed. The issue was the timeliness of the application. At page 524, the court gave the history of Rule 51.05, noting that under prior rule 51.06(c), the application was required to be filed within 5 days after knowledge of existence of cause and no later than 5 days " 'before the date set for trial on the merits.' " The court found that plaintiff had nothing under submission when the application for change of judge was filed, two days after the setting was made, and it was timely. The Natural Bridge case is authority for holding the application here timely for these reasons: Prior to May 22, 1980, respondent had only relator's motion to dismiss for lack of jurisdiction pending, and on that date, ruled that he did have jurisdiction to rule the question of venue, which was the next question to come up. It follows that respondent had nothing under submission after May 22, 1980, and relator's application was two days thereafter, and thus was timely, and under *Commercial Credit Equipment Corp. v. Colley,* 485 S.W.2d 625, 628[5] (Mo.App.1972), respondent was without jurisdiction to take any further action in the cause, whether it be to determine venue for the administration of the cause or to rule (Bronson's) application to require administration both of which issues were still pending.

Respondent, however, argues that the taking of Bronson's testimony on April 25, 1980, constituted a commencement of the trial. Clearly from the record that testimony was received as a matter of convenience to Bronson so that he would not have to return from California at a later date; it was taken for preservation thereof and presentation at a later time in connection with his application. The court's order so indicates—testimony on the application was to be received after the matter of venue was determined on June 19, 1980.

Respondent's cited cases do not aid him. *In re Estate of Barks,* 488 S.W.2d 928, 930[1, 2] (Mo.App.1972), was decided before adoption of present Rule 51.05, and involved facts where both parties had presented

their cases and rested, and petitioner was granted leave to withdraw his submission to present more evidence. He, however, then moved to disqualify the judge, which was denied and the prior leave to withdraw submission was revoked. In affirming the action, it was held that the date set for trial was not altered by withdrawal of the submission. *In re Marriage of Frankel*, 550 S.W.2d 896, 898[3–6] (Mo.App.1977), the application for change of judge was filed on the same day the case was set for trial, and after an application for continuance was denied because there was no support for petitioner's contention that she was ill. It was held, rightly, that the application to change was not timely filed under Rule 51.05. In *Jenkins v. Andrews*, 526 S.W.2d 369 (Mo.App.1975), all of the evidence necessary for the disposition of the case had been submitted and motions were fully argued and the issues submitted, after the court made a tentative expression of opinion on the merits of the cause. Plaintiff obtained 30 days in which to file an amendment to the petition, but within that time filed an application for change of judge. After argument thereon, the court dismissed the petition and then granted the request for change of judge, held to be not improper because a change of judge would nullify the hearing which had been held and result in duplication of proceedings already taken.

The preliminary rule in prohibition is made absolute, except that respondent is directed to sustain the motion for change of judge and to proceed in accordance with Rule 51.05(e).

All concur.