In re the MARRIAGE OF Paulette CROSSLAND, Petitioner-Respondent,

and

James Ray Crossland, Appellant.

No. 12120.

Missouri Court of Appeals, Southern District, Division Two.

July 28, 1981.

Jay White, Rolla, for petitioner-respondent.

Dale H. Close, Richland, for appellant.

BILLINGS, Judge.

Dissolution proceeding. The husband unsuccessfully sought a change of judge after his motion for a new trial was sustained. The case was reopened and additional testimony taken. The court adopted its earlier judgment. The husband prosecuted this appeal, contending he was entitled to a change of judge and that once his application for a change of judge was filed the trial judge lost jurisdiction to proceed with the case. We affirm.

The case was tried before the Honorable Weldon W. Moore, Division Two, Circuit Court of Pulaski County. The initial judgment was entered April 30, 1980. The marriage of the parties was ordered dissolved, marital property was divided, custody of a minor child vested in the wife, and the husband ordered to pay $75 monthly for child support.

The husband filed a motion for new trial. Rule 78.01, V.A.M.R. The motion requested a new trial or that the court open the judgment, take additional testimony, and enter a new judgment. The motion challenged the weight of the evidence and alleged abuse of discretion by the court in the division of the marital property. It also alleged newly discovered evidence that would show the wife, contrary to her testimony, was working and earning wages before trial and that she also had an interest in a 1967 automobile. It was averred this new evidence would have an effect upon the distribution of marital property and the award of child support. Affidavits in support of the allegations concerning the newly discovered evidence accompanied the motion.

Thereafter, the court entered the following order: "Motion of respondent [husband] for new trial sustained as to issue of employment of petitioner [wife] and the effect, if any, on the ... order distributing the marital property and the amount of child support ... order regarding child support continues in effect."

The husband then filed an application for a change of judge under Rule 51.05, V.A.M.R. Judge Moore sustained the application and ordered the case transferred to the Honorable Eugene E. Northern, Division One. However, on the same day, on the court's own motion, the order was set aside and the application reinstated. At a hearing on the husband's application for change of judge, Judge Moore's docket entry recites:

"Court, in presence of petitioner and respondents atty, states that he does not intend to sustain respondents application for change of judge for reason that case is in process and court intended to consider employment of wife to determine what effect, if any, such employment would have on order made in the trial."[1]

On January 2, 1981, Judge Moore heard additional testimony concerning the wife's alleged employment and interest in the 1967 automobile and concluded the wife's employment, "if any", had no effect on the order of April 30, 1980, and adopted the earlier judgment.

The husband contends that because his motion for a new trial was sustained, he was thereupon entitled to a change of judge for a "new trial" and that when his application was filed Judge Moore lost jurisdiction except to sustain his application.

We do not read Judge Moore's order in as broad a light as does the husband. We do not construe the order as the grant of a "new trial" as such, calling for a retrial of marital property distribution and the amount of child support. Rather, we believe the qualified and limited nature of the order suggests an opening of the judgment for amplification of the record by the taking of additional testimony as requested by the husband in his motion and as specifically authorized by Rule 78.01, V.A.M.R. This rule provides: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been

---

1. The docket sheet does not recite that the application for a change of judge was overruled.

entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment."

The narrow scope of Judge Moore's ruling resulted in a continuation of the case before the court and, consequently, the husband's application for a change of judge was not timely. Rule 51.05, V.A.M.R.; *State ex rel. Darling and Company v. Billings,* 435 S.W.2d 377 (Mo. banc 1968); *Massey v. Fitzpatrick,* 175 S.W.2d 780 (Mo. 1943); *Woodrow v. Younger,* 61 Mo. 395 (1875).

The judgment is affirmed.

All concur.