Ruby L. HODGES and Bobbie D. Hodges, Appellants,

v.

OBERDORFER MOTORS, INC., Respondent.

No. 44350.

Missouri Court of Appeals, Eastern District, Division Three.

March 16, 1982.

Rehearing Denied May 14, 1982.

Timothy J. Patterson, Hillsboro, for appellants.

John Doyen, Clayton, for respondent.

CRIST, Judge.

Ruby L. and Bobbie D. Hodges, wife and husband, brought an action in two counts against Oberdorfer Motors, Inc. (Oberdorfer) for injuries sustained when wife was struck by an unattended car rolling on or from Oberdorfer's car lot. The jury brought in a verdict for wife of $5,000, but contrary to the court's instructions, found against husband on his loss of consortium claim. The trial court gave husband a new trial on the issue of damages. A subsequent jury returned a $3,500 verdict. We affirm.

Husband and wife insist the trial court erred in denying wife a new trial after the first jury rendered its inconsistent verdict. Husband and wife filed separate motions for new trials after the original trial. Each complained about the inconsist-

ent verdict, but neither asserted that *both* claims had to be tried again. Therefore, the issue that both claims be retried has not been preserved for our review. *Fallert Tool and Engineering Co. v. McClain*, 579 S.W.2d 751, 756 (Mo.App.1979). In any event, there was no error in not granting a new trial for both spouses. The only requirement in such a situation is that there be a new trial on the issue of damages only for the spouse claiming loss of consortium. The jury's verdict as to Oberdorfer's liability to wife resolved the issue as to husband as well. Therefore, the sole unresolved issue was that of damages. *Stroud v. Govreau*, 495 S.W.2d 682, 684 (Mo.App.1973). As wife does not claim any error affecting the liability portion of her case, and we perceive none, we decline to find error in the trial court's failure to grant her a new trial.

Husband's point with regard to the refusal of the trial judge to disqualify himself at the second trial presents an issue which has not been squarely faced previously. Husband moved for a change of judge pursuant to Rule 51.05 prior to his second trial. The problem which presents itself is whether husband is entitled to the automatic change of judge upon retrial. We think not.

In deciding this question, we keep in mind that the power to disqualify a judge is a privilege, *In re Marriage of Frankel*, 550 S.W.2d 896, 898 (Mo.App.1977) and that such power may not be used to achieve irrational ends. *Natural Bridge v. St. Louis County Water Co.*, 563 S.W.2d 522, 525 (Mo.App.1978). We also realize that something other than the literal wordage of Rule 51.05 may be contemplated in ascertaining whether an application for change of judge is timely. *Jenkins v. Andrews*, 526 S.W.2d 369, 373 (Mo.App.1975).

Rule 51.05(b) provides as follows:

The application must be filed at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later, unless the trial judge has not been designated within that time, in which event the application may be filed within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier.

If husband's new trial is a "trial" under this rule, the application should have been granted. The rule does not, however, define "trial" in any way.

*State ex rel. Horridge v. Pratt*, 563 S.W.2d 168 (Mo.App.1978) concerned a writ of prohibition brought against a trial judge who refused to disqualify himself in a dissolution of marriage proceeding. The Court of Appeals, Kansas City District, had remanded the cause for a new trial on the issue of wife's maintenance. Upon remand, husband sought a change of judge, but the judge in the original trial refused to disqualify himself. The appellate court in that case found "little question," *Id.* at 171, but that the application should have been granted.

On the other hand, the Court of Appeals, Southern District, in the recent case of *In re Marriage of Crossland*, 620 S.W.2d 40 (Mo.App.1981) found the husband in a dissolution action not to be entitled to a change of judge. The trial judge granted husband a "new trial," but merely took additional evidence on the issue of wife's employment. The court found this action to be a mere "opening of the judgment for amplification of the record," *Id.* at 41, and as such was a continuance of the case before the court.

We believe the situation here, where a new trial was granted husband on his loss of consortium claim only on the issue of damages falls closer to the situation in *Crossland* than that in *Horridge*. As in *Crossland*, the trial judge was, in effect, dealing with the same case. Having determined that the jury verdict in the first case was inconsistent, he granted husband a new trial on damages. After-trial motions, such as a motion for new trial, are available to parties to allow a trial judge to correct possible errors in proceedings before appeal. In fact, until the trial judge has disposed of such motions, the cause is not appealable. *Staab v. Thoreson*, 579 S.W.2d 414, 417 (Mo. App.1979). Further, wife's judgment was

not final until after disposition of husband's claim. *Rakestraw v. Norris*, 469 S.W.2d 759, 761 (Mo.App.1971), Rule 66.01(c). But, as it covered only one of the many issues in the original cause, it was akin to the amplification of the record in *Crossland.*

Different considerations enter into play where a cause is remanded by an appellate court as in *Horridge*. Although a party need not presently plead nor prove any reason for a change of judge under Rule 51.05, this has not always been the case. Earlier practice in this state allowed a change of judge only for specified grounds such as bias, prejudice, etc. *See Natural Bridge v. St. Louis County Water Co., supra* at 524. It is for such reasons that a cause on remand from an appellate court will be viewed as being a trial within the meaning of Rule 51.05. Although a party will not be required to plead and prove bias or prejudice, it is understandable that such influences can affect a trial judge who presided over the original proceeding and has been reversed on appeal.

In the instant case, there had been no appeal and remand. The trial judge sought to correct the inconsistency of the jury verdict returned in the first trial. To allow husband to disqualify the trial judge in the instant case would merely result in duplication by a new judge of work already undertaken. *Jenkins v. Andrews, supra.* We therefore hold that such a new trial is not a trial within the meaning of Rule 51.05. Rather, it is for all intents and purposes a continuation of the original trial and husband is not entitled to a change of judge.

REINHARD, P. J., and SNYDER, J., concur.