Larry Dale McKENZIE, Respondent,

v.

Saralyn Suzette Lou McKENZIE, Appellant.

No. WD 33535.

Missouri Court of Appeals, Western District.

Feb. 1, 1983.

Robert G. Smith, Brookfield, for appellant; Smith & Elson, Brookfield, of counsel.

Michael L. Midyett, Keytesville, for respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

The sole issue is whether the trial court should have sustained an application of appellant for change of judge filed by her two days before trial of her motion to set aside marital settlement and separation agreement. A decree of dissolution of the marriage of the parties had been entered after hearing of evidence on November 5, 1981, at which time the court took the matter of the property settlement and custody of the child under advisement, and continued the case to December 10, 1981.

These further events took place during the course of the proceedings: There was attached to the petition for dissolution the property settlement agreement which listed the marital property of the parties, and the court was requested to divide it in accordance with the agreement. Both parties testified with respect to the property settlement agreement on November 5, 1981. Respondent told the court that there was a complete list of property that each was to receive; the values shown thereon were the fair market values; the list (for each) was a fair portion between the parties; a $3,000 lump sum was to be paid to appellant in addition to other property; each were to pay certain debts incurred by them on property set off to each; appellant was to receive no maintenance; respondent's net income was $800 every two weeks; and he was to pay his attorney fees and the costs. Appellant, appearing without counsel, told the court that she signed the agreement; she had a copy of it since October 2, 1981; the matters set forth in it were agreeable to her; the property she was to receive included the automobile and a list of personal property; and the values set forth on the property were fair and equitable as were the values on the property set over to respondent. She asked the court to approve the agreement.

On December 7, 1981, appellant filed her motion to set aside the marital settlement agreement, alleging only that she did not receive any legal advice as to a division of the property, and filed a notice requesting that the motion be heard on December 10, 1981. On that date the parties appeared by counsel and agreed to pass the matter until January 7, 1982, on which date the case was further continued by agreement until January 14, 1982, and the matter of the marital settlement was "taken under advisement" until the motion to set it aside was heard on January 14, 1982, at 1:00 p.m.

On January 12, 1982, appellant filed her request for change of judge with a notice that it be heard at 1:00 p.m., on January 14th, at which time it was overruled by the court. The court then took up the motion to set aside the settlement agreement, heard evidence on it, and overruled it. The propriety of that ruling is not here questioned.

Clearly, all the court had for ruling, after the evidence was heard on November 5, 1981, on it, was the conscionability of the property settlement agreement. The matter was taken under advisement on that evidence. All that appellant's motion to set aside the agreement served was to reopen the case for the further hearing of

evidence upon the issue of conscionability, and it was but a continuation of a matter already begun by the trial court, not a new issue injected into the case. Rule 51.05, relating to applications for change of judge, is not to be construed as subverting proceedings already begun by a trial court. See *Jenkins v. Andrews,* 526 S.W.2d 369 (Mo.App.1975), analogously holding that evidentiary material presented in connection with a motion for summary judgment was a sufficient basis to rule that motion, where, in the interim thereafter, appellants instead of filing an amended petition, filed a motion to disqualify the judge. See also *In re Marriage of Crossland,* 620 S.W.2d 40 (Mo. App.1981), where after a decree of dissolution and attendant orders, the husband filed a "motion for new trial" which asked that the judgment be opened, additional testimony be taken, and that a new judgment be entered. The motion was sustained [but it was held not to be a motion for new trial, but rather as an opening of the judgment for amplification of the record by the taking of additional testimony as authorized by Rule 78.01], and the court held, page 42, "The ... ruling resulted in a continuation of the case before the court and, consequently, the husband's application for change of judge was not timely." Note the there cited case of *State ex rel. Darling and Company v. Billings,* 435 S.W.2d 377 (Mo. banc 1968), and cases noted therein at page 380[3], holding that when a trial has been started, an application for change of venue or change of judge is untimely and will be overruled. The foregoing cases control the instant proceedings and it must be held that appellant's motion for change of judge was not timely filed.

The judgment is affirmed.

All concur.