**John HARMON and Dorothy Harmon, Plaintiffs-Respondents,**

**v.**

**Bob SCHULTZ, d/b/a Bob's Remodeling and Fire Restoration Company, Defendant-Appellant.**

**No. 14621.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 5, 1987.

Max H. Glover, Webb City, for plaintiffs-respondents.

Richard J. Collins, Collins, Webster and Rouse, Joplin, for defendant-appellant.

PER CURIAM.

The appellant, Bob Schultz, appeals from a $6,950 judgment in favor of respondents, John and Dorothy Harmon, on the ground that his motion for a change of judge was improperly denied.

We hold that the appellant's motion deprived the trial court of jurisdiction to take any further action in the case. The judgment is reversed and the case is remanded for a new trial.

The respondents, John and Dorothy Harmon, retained Bob's Remodeling and Fire Restoration Company to repair fire damage to their house. Bob's Remodeling allegedly left certain damaged areas untouched and performed incomplete or substandard work in other areas of the house. Respondents filed suit to recover the cost of properly repairing the remaining fire damage as well as the unsatisfactory work performed by the appellant.

Trial was originally set for November 25, 1985. On November 25, the trial court reset the trial date for December 6, 1985, due to a death in the family of the respondents' attorney. On December 2, 1985, the appellant filed a motion for change of judge pursuant to Rule 51.05.[1] The motion was denied as being untimely under subsection (b) of that rule, and trial of the case proceeded as scheduled on December 6. The appellant, objecting to the denial of his

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

motion, declined to participate in the trial. At the close of the respondents' evidence, judgment was entered in the amount of $6,950.

The issue we are called upon to decide in this appeal is whether the appellant's motion for change of judge was timely filed. If the motion were properly filed, the trial judge had no choice but to sustain it, which would leave the court without jurisdiction to take any further action in the case. Rule 51.05(e); *Commercial Credit Equipment Corp. v. Colley*, 485 S.W.2d 625, 627–628 (Mo.App.1972).

The portion of Rule 51.05(b) which is the subject of dispute in this case provides that an application for change of judge must be filed "within five days after a trial setting date has been made...." Rule 44.01(a) specifies that Saturdays, Sundays, and legal holidays are excluded in making this computation, as is "the day of the act, event, or default after which the designated period of time begins to run...." The trial court took judicial notice that November 28 (Thanksgiving) and November 29, 1985, were legal holidays, and that November 30 and December 1 were Saturday and Sunday.

If, as the respondents contend, the date upon which trial was originally set for November 25, 1985, is the appropriate date from which to begin counting, the motion in question was untimely. If, as the appellant contends, November 25, 1985 (when trial was rescheduled for December 6), is the trial setting date to which Rule 51.05(b) refers, the Rule 44.01(a) time computation formula yields the result that appellant's motion was timely because it was filed prior to December 4, 1985.

Respondents direct our attention to a number of Missouri cases which, they claim, support their interpretation of Rule 51.05(b). Following a successful motion for new trial on the issues of property division and child support, the husband, in *In re Marriage of Crossland*, 620 S.W.2d 40 (Mo.App.1981), filed an application for change of judge. The trial court's denial of his 51.05 application was upheld on appeal

because its earlier order sustaining the husband's motion did not schedule a new trial as such, but merely allowed the taking of additional evidence in the case. Similarly, appellant's 51.05 application in *McKenzie v. McKenzie*, 646 S.W.2d 897 (Mo.App. 1983), filed within five days after a continuation of the hearing on her motion to set aside the parties' marital settlement agreement, was held properly denied because the trial court had already begun proceedings on the division of property and appellant's motion to set aside only served to allow the hearing of additional evidence on this question.

In contrast, the trial court's judgment in *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168 (Mo.App.1978), awarding maintenance to the relator's wife in a dissolution proceeding, was, on appeal, remanded for a new trial. Denial of the relator's subsequent application for change of judge was held to be improper because the mandate was for a *new trial*, rather than a limited proceeding merely to amplify the existing record.

The case of *In re Marriage of Frankel*, 550 S.W.2d 896 (Mo.App.1977), was originally set for trial on May 5, 1975, then continued to June 2. The petitioner failed to appear on June 2, however, and on June 3, trial was rescheduled for June 4. On June 4, the petitioner again failed to appear and the cause proceeded to trial. Petitioner's application for change of judge, filed on the day of trial, was denied. On appeal, the court stated, without explanation, that petitioner's 51.05 application was untimely.

In *State ex rel. Norton v. Baldwin*, 613 S.W.2d 208 (Mo.App.1981), the hearing on a petition for administration of an estate was originally set for April 25, 1980. On that date, a motion to dismiss for lack of jurisdiction was taken under advisement and the case continued until May 22. On May 6, the relator filed an application for change of judge. This court noted on appeal that the application was properly denied as being untimely because not made within five days after the trial setting date.

On May 22, the trial court found that it had jurisdiction to determine proper venue for administration of the estate, and the case was continued until June 19. Relator filed a second 51.05 application on May 23. The trial court denied this application on the ground that it was not timely filed, the petition initially having been set for hearing on April 25. On appeal, this court held that the second application for change of judge should have been granted. The trial court had nothing under submission when, on May 22, it continued the case to June 19, at which time evidence on the petition would be received, if the court found the venue to be proper.

Contrary to the respondents' contention, we think the pattern which these and other relevant cases disclose is that prior to trial, the last trial setting date before the application for change of judge is made is used to determine the timeliness of a Rule 51.05 application, without regard to prior continuances. In other words, prior to trial a party has five days after each trial setting date to file an application for change of judge,[2] subject to the well settled caveat, *see State ex rel. Darling & Co. v. Billings*, 435 S.W.2d 377, 380 (Mo. banc 1968); *In re Estate of Barks*, 488 S.W.2d 928, 930 (Mo. App.1972), that any such application filed after commencement of the trial is untimely. Once the trial has begun, any further continuations do not constitute trial setting dates within the meaning of Rule 51.05. *See McKenzie v. McKenzie*, 646 S.W.2d 897, 899 (Mo.App.1983); *D.E.J. v. G.H.B.*, 631 S.W.2d 113, 118 (Mo.App.1982); *In re Marriage of Crossland*, 620 S.W.2d 40, 42 (Mo.App.1981).

Additional support for this interpretation of the rule is found in *Natural Bridge v. St. Louis County Water Co.*, 563 S.W.2d 522 (Mo.App.1978). The trial court in *Natural Bridge*, granted a temporary restraining order on July 27, 1976, to prevent the defendant utility company from discontinu-

ing plaintiff's water service during the pendency of a billing dispute between the parties. On the same date, it ordered the defendant to show cause, on August 23, why a preliminary injunction should not issue. On August 20, the show cause order was continued to August 25. On August 25, it was continued to September 9. Declining to decide whether a hearing on an order to show cause is a "trial" within the meaning of the rule,[3] the court of appeals ruled that plaintiff's 51.05 application should have been granted. "Plaintiff filed its Application for Change of Judge on August 27, *two days* after the hearing on the show cause order was set. Therefore, *even if the hearing constitutes a trial,* the application was timely...." *Id.* at 525. (Emphasis added.)

Thus, with the exception of ruling upon any pretrial motions already under submission, the trial court, in the instant case, had no discretion but to promptly sustain appellant's timely application for change of judge. Rule 51.05(e); *West v. Moran*, 586 S.W.2d 68, 70 (Mo.App.1979); *Jenkins v. Andrews*, 526 S.W.2d 369, 373 (Mo.App. 1975). Appellant's 51.05 application deprived the judge of jurisdiction to take any further action in this case, *Commercial Credit Equipment Corp. v. Colley*, supra, 485 S.W.2d at 628, and subsequent proceedings in the trial court were without effect. *Gould v. Starr*, 610 S.W.2d 93, 95 (Mo.App. 1980); *Hontz v. State*, 574 S.W.2d 522, 525 (Mo.App.1978).

Reversed and remanded for a new trial in accordance with Rule 51.05(e).

All concur.

---

**2.** We note, in passing, that Rule 51.05(b) time limitation in question is within five days of "a" trial setting date, as opposed to "the first" or "the initial" trial setting.

**3.** This question was subsequently answered in the negative by *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 347 (Mo.App.1983).