STATE of Missouri, Respondent,

v.

Chester J. WORDS, a/k/a Jerome C. Words, Appellant.

No. KCD 29037.

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Robert N. Adams, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged with robbery in the first degree by means of a dangerous and deadly weapon, tried by a jury and found guilty, and sentenced by the court to twenty years imprisonment[1] by reason of the jury's inability to agree on his punishment.

A terse statement of facts surrounding the charged offense is sufficient as defendant's single point on appeal, infra, does not question the sufficiency of the evidence. On the afternoon of November 6, 1974, four men, one of whom was identified as the defendant, entered Smak's Drive-in Restaurant at 6420 Troost, Kansas City, Missouri, brandished and discharged handguns resulting in the wounding of an employee, and took between $400.00 and $500.00 in cash belonging to Smak's.

Defendant's single point on appeal is stated in his brief as follows: "The trial court erred in failing to disqualify himself in that the court had conducted defendant's competency hearing during which prejudicial remarks were made concerning defendant's physical appearance." Defendant's authorities and argument in support thereof are so wide of the mark that the point itself is somewhat illusory.

Certain tangential facts must be iterated in order to provide the necessary background to understand defendant's single point. By reason of several trips to the State Hospital at Fulton, Missouri, for psychiatric examinations pursuant to Sec. 552.-020, RSMo Supp.1971, regarding two unrelated matters, defendant was the subject of conflicting psychiatric reports, one to the effect that he had the capacity to understand the proceedings against him and assist in his own defense and one to the effect that he lacked the capacity to do so. In view of these disparate findings, a current psychiatric examination of defendant pursuant to Sec. 552.020, supra, was ordered by the trial court. After the updated psychiatric report became available, a hearing was

---

1. Section 560.135, RSMo 1969, prescribes the range of imprisonment "[at] not less than five years".

held on May 27, 1976, before the judge who later presided at defendant's trial on the merits. At the hearing the updated psychiatric report and the correlative testimony of the examining psychiatrist confirmed that defendant was not suffering from a mental disease or defect and had the capacity to understand the proceedings against him and to assist in his own defense. Further, defendant's disclaimer of any recollection of the day or event in question was characterized as conscious selective amnesia and his lack of communicativeness and cooperation with counsel were attributed to his feigned separation from reality and antisocial attitude. At the conclusion of the hearing the court, on the basis of all the evidence, found that defendant was "fit to proceed within the meaning of Chapter 552" and ordered the case "returned to the active docket". It is clear that defendant's bizarre conduct prompted the court, simultaneously with the entry of said order, to address defendant and explain to him, by way of equating defendant's conduct and appearance with the findings contained in the psychiatric report, why he was going to have to stand trial. In doing so the court stated to defendant: "The Court must take the position that your lack of cooperation is somewhat feigned, assumed, put-on. I wish I had a picture of you at some earlier time. Your hair style is not that of a normal Afro style. It looks more like a bushman from Australia, which undoubtedly is part of your role of acting your antisocial behavior out."

The case was set for trial on July 6, 1976. On the morning of trial defense counsel orally moved that the trial judge disqualify himself "based on the fact that Your Honor was the individual who held the competency hearing and directed some remarks at the defendant concerning his hair style." The trial judge refused to disqualify himself and the trial proceeded with the resultant judgment and sentence which defendant now seeks relief from on appeal.

Rule 30.12 relating to criminal cases specifically provides that its invocation, so as to compel disqualification of a judge as a matter of right,[2] requires "reasonable notice" to the opposite party and the filing of a requisite affidavit as to the judge's "interest or prejudice" not less than five days prior to the date the case is set for trial. There was no semblance of compliance by defendant with the requirements of Rule 30.12, supra, and, everything else being equal, his noncompliance therewith relieved the trial judge of any error in not disqualifying himself. *State v. Light*, 484 S.W.2d 275 (Mo.1972). Understandably, defendant does not seek to excuse his failure to comply with Rule 30.12, supra, because the purported incident of prejudice occurred at such a late date as to make timely compliance impossible. Bear in mind, the remarks ostensibly personifying prejudice were made on May 27, 1976, and defendant made no effort to disqualify the trial judge until July 6, 1976, the morning of the trial.

Notwithstanding defendant's inexcusable failure to comply with the requirements of Rule 30.12, supra, he appears to blandly argue, without benefit of authority or fact, that the trial judge's remarks evinced a degree of personal prejudice toward him of such intensity that the trial judge should have recused himself and failure to do so constituted reversible error. It is not beyond the realm of fair comment to observe that the trial judge's earlier remarks apparently betook a different complexion in the mind's eye of defendant on the verge of trial. In order to sustain defendant's position this court would necessarily have to read the complained of remarks out of context, as defendant is prone to do, and then subjectively analyze them as mirroring the inner recesses of a mind filled with prejudice toward defendant. This approach is rejected. The complained of remarks should be read in proper context and objectively analyzed in light of the total record. This approach is not at odds with the zealously guarded belief that a judge free of

---

**2.** If the request for disqualification of a trial judge is made in accordance with Rule 30.12 it must be granted as a matter of right. *State v.*

*Vermillion*, 486 S.W.2d 437 (Mo.1972); *State ex rel. Oswald v. Buford*, 518 S.W.2d 690 (Mo. App.1975).

prejudice is the bulwark of a fair trial. On taking this approach in the instant case it is noteworthy that defendant has failed to point out and this court's seining of the record has failed to reveal a single instance where the trial judge's purported prejudice objectively manifested itself, to any degree whatsoever, in prejudice in fact at any stage of the proceedings below. Read in proper context and objectively analyzed in light of the whole record, the faulted remarks of the trial judge are not subject to the prejudicial connotation urged by defendant.

Having failed to find any predilection on the part of the trial judge which implacably demanded self-imposed disqualification, no error attaches for his failure to do so.

Judgment affirmed.

All concur.