**William R. VERNOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42125.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Edward V. Ward, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion wherein he sought to vacate the court's sentence of eight years for the offense of assault with intent to kill with malice aforethought. Before entering its findings of fact and conclusions of law, the trial court held an evidentiary hearing wherein only the movant presented evidence.

In his sole point on appeal, movant contends the trial court erred in denying movant's rule 27.26 motion because movant's "sentence was imposed illegally as it was lengthened as a result of defendant exercising his constitutional right to a trial by jury." Our review is limited "to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979).

Movant's claim arises out of the following set of facts. Before movant proceeded to trial on January 31, 1979, plea negotiations between movant's attorney and the circuit attorney's office produced a recommendation by the state of punishment upon a guilty plea of seven years. The movant refused to accept the offer. On the trial date a jury was selected. Thereafter, the movant inquired whether the state's recommendation of seven years was still available. The state informed movant that the recommendation was now eight years. With this knowledge, the movant withdrew his plea of not guilty and entered a plea of guilty. The court informed defendant that it was aware the state was going to recommend something and the state told the court and defendant the recommendation was eight years. After a pre-sentence investigation, the court sentenced defendant to serve a term of eight years.

Plea bargaining "is an essential component of the criminal justice system" and

satisfies many useful purposes. *Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978). It is a negotiation involving concessions on both sides. However, both sides to the plea bargaining also gain advantages. The United States Supreme Court recently delineated some of the state's advantages:

> [W]ith the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof.

*Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970).

Here, the prosecutor testified he thought the case was worth more than seven years. After its offer was rejected by the defendant, the state properly recommended a longer sentence. The movant was free to accept or reject this offer and chose to accept it. We cannot say that movant was "punished" in this acceptance. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978).

It is well established that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). Once a defendant has admitted in open court that he is guilty of the offense charged, he "waives all error or claims of error except to the extent that the errors affect the voluntariness and understanding with which the plea was made." *Griffin v. State*, 578 S.W.2d 272, 273 (Mo.App.1978).

Here, the record reveals that the movant was properly questioned by the court regarding the consequences of his plea and that he knew what the state's recommendation would be before the pleaded. *See Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978). The trial court found that movant voluntarily and knowingly pleaded guilty when he discovered that the victim was present and ready to testify. We find that this ruling is not clearly erroneous.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.