STATE of Missouri,
Plaintiff-Respondent,

v.

Lonnie LEIGH, Defendant-Appellant.

No. 41274.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 25, 1981.

Ted F. Frapolli, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George W. Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

SATZ, Presiding Judge.

Defendant was convicted by a jury of rape, kidnapping, and two counts of attempted sodomy. We affirm.

Defendant raises two points on appeal. No extended recital of the facts is necessary to dispose of these points.

Defendant's present counsel on appeal was not his trial counsel. He takes the trial record as it stands, and, in our review, so must we. Defendant was originally charged in December, 1975. An assistant public defender was appointed to represent defendant. In September, 1976, the public defender was permitted to withdraw. Another attorney was appointed to represent defendant and he entered his appearance on behalf of defendant in October, 1976. In the summer of 1977, after several trial settings, the trial court set the cause for trial for the week of September 12, 1977. This was a peremptory setting agreed to by counsel. On September 10, 1977, defendant hired private counsel to represent him and she, apparently, entered her appearance on September 12. Defendant's appointed counsel remained in the case. The cause was called for trial on September 14. A motion for disqualification of judge, which had been pending, was sustained and the cause transferred to another judge for trial. Apparently, the peremptory trial setting was then continued until September 19. On September 16, defendant's verified motion for continuance was heard. The motion was based upon the representation that private counsel had not been afforded sufficient time to investigate the case, in particular she had not had sufficient time to locate four named alibi witnesses. The motion for continuance was denied and the cause proceeded to trial on September 19, 1977. The trial record reflects defendant was represented by private counsel and appointed counsel.[1]

Defendant contends the denial of his motion for continuance was an abuse of discretion because his private counsel did not have sufficient time to prepare for trial; in particular, she did not have sufficient time to locate his alibi witnesses. We disagree. The granting or denial of a continuance rests within the sound discretion of the trial court. *State v. Reece*, 505 S.W.2d 50, 52 (Mo.1974). We will not disturb the action of the trial court unless a clear abuse of discretion is shown. *State v. Cuckovich*, 485 S.W.2d 16, 21–22 (Mo. banc 1972). Defendant has shown no abuse of discretion here.

From the record, it is clear defendant had ample time prior to trial to retain counsel of his own choosing. He did not do so for some twenty months after he was originally charged and not until two days prior to a peremptorily set trial date. This delay remains unexplained. The time restrictions challenged by defendant are self-imposed and, thus, the responsibility for these restrictions rests with him. *State v. Cheesebrew*, 575 S.W.2d 218, 225 (Mo.App.1978); see also, *State v. Ross*, 375 S.W.2d 182, 185

---

1. Defendant's present counsel on appeal was appointed after the disposition of several post- trial procedural matters not relevant here.

(Mo.1964). Moreover, defendant's appointed counsel had been unsuccessful in his attempts to locate the alibi witnesses, and defendant made no showing to the trial court that a continuance would result in the presence of these witnesses at trial. See *Rule* 24.10(b); *State v. Wade*, 535 S.W.2d 492, 497 (Mo.App.1976).

■ Admittedly, defendant had the right to hire private counsel, but that right "is limited by the state's right to proceed to trial after [he] has been afforded a fair opportunity to engage his own counsel and adequate time to prepare his defense, and does not include the right to defeat or impede the orderly processes of the administration of justice." *State v. Crider*, 451 S.W.2d 825, 828 (Mo.1970). Defendant's second appointed attorney had represented him for a year prior to trial and had announced ready to go to trial on September 12. He did not withdraw from the case. Thus, defendant's private counsel had the assistance of counsel familiar with the case and prepared to go to trial. In view of the ample time defendant had to procure a private counsel and the fact that his appointed counsel was ready to proceed, we find no abuse of discretion in the denial of the motion for continuance. See *State v. Jefferies*, 504 S.W.2d 6 (Mo.1974). Indeed, the record reflects defendant was ably represented by counsel familiar with the facts and the applicable law. See *State v. McCreary*, 504 S.W.2d 132, 135 (Mo.App. 1973); *State v. Cheesebrew, supra*, at 225.[2]

■ Defendant next contends the trial court erred in overruling his "Motion to Set Aside the Judgment, or, in the Alternative, Arrest the Judgment...." This motion as well as a "Supplemental to Motion to Set Aside the Judgment Theretofore (sic) Filed and Request for New Trial With Suggestions in Support" were filed by defendant pro-se and both were untimely filed. Defendant's trial counsel did file a proper and timely motion for a new trial. In his pro-se motions, defendant asserted that he was denied effective assistance of counsel. Because this point was not raised in defendant's properly filed motion for a new trial, it was not preserved for review. *Rule* 27.-20(a); *State v. Kenton*, 298 S.W.2d 433, 434 (Mo.1957); *State v. Bainter*, 608 S.W.2d 429, 430 (Mo.App.1980). However, even if this point were preserved, we would not review it in this appeal.

A claim of ineffective assistance of counsel may be reviewed on direct appeal only where "the record develops facts essential to a 'meaningful review' of that point." *State v. Burns*, 537 S.W.2d 860, 863 (Mo. App.1976); *Accord, State v. Cluck*, 451 S.W.2d 103, 106–107 (Mo.1970). The record here does not permit a meaningful review. Defendant's claim of ineffective assistance of counsel is based on his trial counsel's alleged failure to interview the co-defendant who was the sole witness to the crimes in issue. On appeal, defendant's counsel contends trial counsel admitted this failure in the "Supplemental to the Motion to Set Aside Judgment" referred to above. As noted, this motion was filed by defendant, pro-se, not by trial counsel. Thus, there is no admission by trial counsel; rather, there is a mere allegation by defendant. Whether trial counsel provided defendant effective assistance should be determined only after a hearing in which trial counsel has

---

**2.** Two of the four named alibi witnesses did testify at trial. On the present record, the absence of the other two alibi witnesses does not require reversal. As noted, defendant failed to show a continuance would result in the presence of any of the witnesses at trial. Furthermore, from the testimony of the two witnesses who did appear, it is not reasonably probable that a different result would have been reached had the two absent witnesses testified. *State v. Reece, supra*, at 52; *State v. Wade, supra*, at 497. In his motion for continuance, defendant alleged the four alibi witnesses would testify they were members of a band rehearsing at defendant's apartment on the night of the crimes and defendant was with them. At trial, one witness testified he was at defendant's apartment on that night but no band was rehearsing. The other witness testified he was not in a band and was not at defendant's house on the night in question. This testimony does not create a reasonable probability that the testimony of the other two witnesses would have changed the result in this case.

the opportunity to contest the allegation. See *State v. Goodson*, 558 S.W.2d 318, 319 (Mo.App.1977). *Rule* 27.26 provides the appropriate method for testing the validity of this claim. See *State v. Murphy*, 592 S.W.2d 727, 734 (Mo. banc 1979); *State v. Locke*, 587 S.W.2d 346, 350 (Mo.App.1979).

Judgment affirmed.

SMITH and SIMON, JJ., concur.