CITY OF KANSAS CITY, Missouri,
Plaintiff-Respondent,

v.

Timothy WILEY, Defendant-Appellant.

No. WD 35828.

Missouri Court of Appeals,
Western District.

July 9, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 27, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Janeal R. Matheson (argued), Kansas City, for defendant-appellant.

Richard N. Ward, City Atty., George L. Sharp, City Prosecutor, Edward B. Rucker (argued), Kansas City, for plaintiff-respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Defendant Timothy Wiley, waived his right to an attorney and was tried and convicted of assault in Kansas City Municipal Court on February 6, 1984. He appealed that decision to the circuit court of Jackson County.

Defendant contends that the trial court erred in denying an oral motion for continuance, arguing that the ruling denied him effective assistance of counsel. He also asserts that the trial court erroneously refused to grant his motion for a change of judge and erred in failing to disqualify himself to avoid the appearance of impropriety.

At the setting of the trial de novo defendant requested court appointed counsel. He acknowledged consulting Legal Aid but stated that he did not know who, if anyone, would be in court to represent him. The court appointed counsel and held the case over to the end of the docket, one hour. Thus, defendant had only that time to consult with his newly appointed attorney before the case came to trial. When the case was called, the city prosecutor informed the court that defendant would be entering a plea of guilty as part of a plea bargain.

Having heard the City's recommendation, the judge questioned the victim concerning the incident and the personal injuries she suffered. He then rejected the plea bargain's sentence recommendation, saying that he would accept "something where defendant's commitment of punishment will be set out." The judge indicated that he would approve an agreement that included imposition of a ninety-day sentence with execution suspended plus two years probation, but that he would not accept a suspended imposition of sentence as proposed in the parties' agreement.

After consultation with counsel, defendant decided not to plead guilty and requested a continuance on the ground that the period between appointment of counsel and the trial was an insufficient time to prepare for trial. The City announced, "Ready."

The court then discussed with defendant's attorney the amount of time that had been available for preparation of the case, the defendant's admission of earlier consultation with someone at Legal Aid and the length of time the City's witnesses had waited in the courtroom that day. The court questioned the City's witnesses about returning for a later trial date. At that point, defendant requested a change of judge, which the court denied as being untimely.

The case immediately proceeded to trial. The victim and the victim's mother testified for the City. The defendant testified on his own behalf. Although he took the stand, the defendant's only witness would not testify and was dismissed. The court found the defendant guilty and, having denied defendant's motion for new trial, sentenced defendant to 90 days' confinement.

Defendant's first point on appeal is that the trial court erred in denying his motion for continuance thus denying defendant effective assistance of counsel.

■ Although defense counsel before trial alerted the trial court to the dearth of preparation time for trial, the record indicates that the shortness of time was due to defendant's own actions or inactions in that

he waited too long before seeking counsel. Moreover, defendant's claim and the trial record are devoid of any specific evidence of prejudice. We cannot help but wonder what more, if any, could have been done by the defense counsel considering defendant's untimely request for appointed counsel and considering that the trial was essentially a swearing match between two high school students about a school-related squabble and fight.

Though defendant has raised the specter of ineffective assistance of counsel, the issue is framed in an allegation of abuse of discretion by the trial court in denying an oral motion for a continuance. This allegation of error is similar to the issue in *State v. Leigh,* 621 S.W.2d 515 (Mo.App.1981). In *Leigh* the defendant contended that the denial of his motion for continuance was an abuse of discretion because his private counsel did not have sufficient time to prepare for trial. The court disagreed and held that the granting or denial of a continuance rests within the sound discretion of the trial court, *State v. Reece,* 505 S.W.2d 50, 52 (Mo.1974), and the action of the trial court will not be disturbed unless a clear abuse of discretion is shown. *State v. Cuckovich,* 485 S.W.2d 16, 21–22 (Mo.1972) (en banc). The defendant has shown no abuse of discretion here. If in fact the defense counsel lacked adequate preparation time it was due to the defendant's own fault.

Defendant next alleges error in the court's refusal to grant his motion for a change of judge pursuant to Rule 32.07 or in the judge's failure to disqualify himself on his own motion pursuant to Rule 32.10.

█ The right to a change of judge is placed in the category of a peremptory jury challenge. *Natural Bridge Development Co. v. St. Louis County Water Co.,* 563 S.W.2d 522 (Mo.App.1978). A party need not plead or prove any reason for a change of judge, *Hodges v. Oberdorfer Motors, Inc.,* 634 S.W.2d 205 (Mo.App.1982), but disqualification of a judge is a privilege and strict compliance with the rule is essential. *In re Marriage of Frankel,* 550 S.W.2d 896

(Mo.App.1977). Rule 32.07 provides in part:

(a) A change of judge shall be ordered upon the filing of a written application therefor by any party....

(b) In misdemeanor cases the application must be filed not later than ten days before the date set for trial. If the designation of the trial judge occurs less than ten days before trial, the application may be filed anytime prior to trial.

The circuit court judge was assigned to the case on March 5 and trial was set for March 16, 1984. The designation of the trial judge came eleven days before the trial date. Therefore, applying a strict construction of Rule 32.07, defendant's motion should have been filed in writing at least by March 6. Thus, defendant's motion at trial was obviously not timely and was properly denied.

Several cases have recognized, however, that something other than the literal language of a statute or rule governing disqualification of a judge may be considered in determining whether or not such application is timely. *Jenkins v. Andrews,* 526 S.W.2d 369, 373 (Mo.App.1975). Still, the right to disqualify, even under the liberal interpretation of the rule, is not to be used or employed "to produce inconvenience and absurdity." *Ex Parte Cox,* 10 Mo. 742 (1847).

In *State ex rel. Horton v. House,* 646 S.W.2d 91 (Mo.1983) (en banc), the court liberally construed Rule 32.07 in favor of allowing the defendant's application for a change of judge. The defendant made his application in connection with a probation revocation proceeding. Between the dates that the defendant was placed on probation and the date of the motion to revoke, the judicial circuit had been split into two circuits, and a new judge was appointed to hear the revocation proceedings. The *Horton* court felt obliged to distinguish *State ex rel. O'Brien v. Murphy,* 592 S.W.2d 194 (Mo.App.1979):

The dominant and distinguishing fact in *O'Brien* is that the judge holding the

revocation hearing was the same judge who had heard and accepted the guilty plea. The defendant in *O'Brien* had full opportunity to challenge Judge Murphy peremptorily on that initial occasion, and there was nothing unfair in denying him such a right again when the revocation matter came up.

*State ex rel. Horton v. House,* at 93.

■ The theme of *Horton* and *O'Brien* is important—the right of a defendant to disqualify the judge is one of the keystones of our legal administrative edifice and our courts therefore adhere to a rule of liberal construction in favor of the right to disqualify. *Id.* That liberal construction, however, is not employed to produce inconvenience and absurdity and thus does not help defendant in the present case for two reasons. First, no change had been made in the assignment of the judge. So, with an assignment more than ten days before trial, defendant could have complied with Rule 32.07. Even a liberal interpretation of the rule should not be employed when defendant fails to secure legal counsel until the day of trial. Second, defendant should not be heard to complain that a liberal construction of the rule should be used due to the late entry of counsel where defendant fails to request a change of judge until after the plea bargain is rejected and just before trial. The judge was challenged only after having failed to rule favorably on defendant's motion for a continuance. When weighing the effects of liberalizing Rule 32.07, the court must consider the rights of all parties and the type of proceeding involved, *In re M... S... M...,* 666 S.W.2d 800, 804 (Mo.App.1984), and the court must ensure that such a request is not used to work an inconvenience or used as a trial tactic for purposes of delay.

Defendant's request for change of judge under Rule 32.07 fails to meet the strict requirements of the rule and fails to meet the liberally construed intent of the rule.

The alternative allegation of error in defendant's second point is that the circuit court judge failed to disqualify himself on his own motion pursuant to Rule 32.10. Specifically, since the trial judge had heard the defendant's plea of guilty, the trial judge should have disqualified himself to avoid the appearance of impropriety.

■ Plea bargaining is an essential component of the criminal justice system satisfying many useful purposes, *Vernor v. State,* 603 S.W.2d 89 (Mo.App.1980), and Missouri has recognized the propriety of plea bargaining. *Schellert v. State,* 569 S.W.2d 735 (Mo.1978) (en banc). While judicial participation in the bargaining process itself is not approved, *State v. Tyler,* 440 S.W.2d 470 (Mo.1969) (en banc), an indication of the judge's willingness to accept a particular disposition is not improper, *Bonner v. State,* 535 S.W.2d 289 (Mo. App.1976).

■ The trial court is not required, however, to accept the proposed agreement and may in its discretion reject a plea agreement. *U.S. v. Petty,* 600 F.2d 713 (8th Cir.1979). Rejecting the initial plea bargain is not improper, indeed the trial judge's responsibility is to do so if he believes the proposed sentence to be inadequate in light of the gravity of the crime. *Bonner v. Wyrick,* 563 F.2d 1293, 1298 (8th Cir.1977). Note that the Standards for Criminal Justice, 2d ed. 1982 Supp., standard 14–3.3(d) provides, "Whenever the judge is presented with a plea agreement ... the court may require or allow any person, including the defendant, the alleged victim, and others, to appear or to testify." Obviously, the trial judge may look beyond the plea bargain itself to determine its adequacy and its acceptability.

Having rejected the plea bargain must a judge disqualify himself from the trial? This was the question presented in *State v. Faber,* 499 S.W.2d 790 (Mo.1973). The judge rejected the defendant's plea of guilty because it was not voluntarily and understandingly made. The same judge presided at trial the next day. The court held that "[t]here was no evidence at the trial pertaining to appellant's previous attempt to enter a plea of guilty. He is not now entitled to contend that the trial judge should have disqualified himself without a suggestion or request by him." *State v. Faber* at 793.

In this case the defendant's attorney made a motion for a change of judge during the pretrial hearing—"since [the trial judge] has heard his [defendant's] guilty plea I don't believe he can hear this case without prejudice." But an oral motion to disqualify for personal bias and prejudice against the defendant is a motion addressed to the court's discretion. *State v. Thost*, 328 S.W.2d 36, 39 (Mo.1959). As in *State v. Tyler*, 587 S.W.2d 918, 929 (Mo. App.1979), the record in this case reveals nothing in the trial court's deportment throughout the trial which would indicate any bias or prejudice on the part of the court, but instead it demonstrates an evenhandedness in dealing with the defendant. Also similar is *State v. Words*, 559 S.W.2d 63, 65 (Mo.App.1977), in which the court found "it ... noteworthy that the record has failed to reveal a single instance where the trial judge's purported prejudice objectively manifested itself, to any degree whatsoever, in prejudice in fact at any stage of the proceedings below."

In this case also, we detect no evidence that the trial court was prejudiced by hearing of this defendant's desire to enter into a plea bargain. We note that during that proceeding the defendant was not called upon to make any statement or admissions. Neither he nor his attorney spoke a word about the facts of the case. Defendant never got to the point of tendering a plea.

Defendant next contends that the trial judge, having heard defendant's proposed plea of guilty before trial, should have disqualified himself in order to avoid the appearance of impropriety. Defendant cites no authority for this notion, and we are not persuaded here that the court's action smacked of impropriety.

Canon 3 C of Supreme Court Rule 2 deals with disqualification of a judge and provides for instances in which a judge should disqualify himself because his impartiality might reasonably be questioned. The list of such instances includes those where the judge has a personal bias or personal knowledge of evidentiary facts, where he has served as a lawyer in the case, where he has a financial interest in the subject matter or is related to a party, and the like. The list of disqualifying factors does not and in the nature of things could not reasonably include the judge's regular rulings made in the ordinary course of presiding over the judicial proceeding before him. Absent some egregious loss of temper or control of himself, the trial judge is and must be free to rule questions presented to him in the proceedings without being required to conclude that he has thus disqualified himself. A judge's regular rulings in the ordinary course of presiding over judicial proceedings properly before him will rarely if ever constitute evidence of partiality such as to require him in good conscience to recuse himself. *Cf. State v. Alexander*, 66 Mo. 148, 162 (1877).

For the foregoing reasons, we affirm the judgment.

All concur.