Steven Gail DANIELS, Appellant,

v.

STATE of Missouri, Respondent.

No. 15253.

Missouri Court of Appeals,
Southern District,
Division One.

May 13, 1988.

Pete E. Carter, Pearson & Carter, St. James, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Movant was convicted of second degree murder and sentenced to fifty years imprisonment. The conviction was affirmed on appeal. *State v. Daniels,* 649 S.W.2d 568 (Mo.App.1983). Movant now appeals from a denial of his motion under Rule 27.26 [1] for post-conviction relief. This appeal is governed by Rule 27.26 because sentence was pronounced and this motion was filed prior to January 1, 1988. Rule 29.15(m).

A few days prior to movant's trial in the underlying case, defense counsel sought a continuance because he was ill, fatigued from the trial of other cases, and claimed to have been unable to interview witnesses in preparation for trial. The motion did not identify the witnesses who had not been interviewed. Later, during the trial, it developed that counsel did not interview witnesses Chuck Mahaney, James Blair, and Ricky Dean McCash. All three were called as defense witnesses. The substance of their testimony will be discussed hereafter. The motion for continuance was overruled.

On the morning of trial, the state filed an amended response to discovery. The amendment disclosed that witness Dale Shackelford, who had previously made a statement that he had not seen the actual stabbing, would testify he saw movant stab Terry Bartles, the victim of the murder. Shackelford had disclosed the new statement to the prosecuting attorney only two or three days prior to trial. The prosecutor had telephoned this information to defense counsel before the attorneys arrived in the courtroom. No objection was raised by defense counsel and no sanctions were requested.

Shackelford was not the only witness to the stabbing. The fatal assault occurred outside the front door of a bar in the presence of five or six persons. Other witnesses, both inside and outside the bar, saw movant with a knife, overheard arguments, and observed fighting between Bartles and movant prior to the stabbing. At least two witnesses other than Shackelford testified they actually saw movant stab Bartles. Mahaney, Blair, and McCash saw the fight outside the bar, but did not see the actual stabbing. Bartles died of a three-inch deep puncture wound to the lung and heart.

After the altercation, movant fled the bar and went to a house at Fourth and Olive Street in Rolla where he hid a knife near a fence. Police recovered the knife. A forensic serologist who examined the knife found human blood on it.

At the murder trial, during cross-examination, defense counsel elicited Shackelford's explanation for the change in his story. Shackelford first stated he feared threats on his life, but then admitted no threats had been made to him. When the state, on redirect examination, attempted to prove Shackelford was told of threats, defense counsel objected and the objection was sustained. The jury was instructed to disregard Shackelford's answer. Defense counsel did not move for a mistrial.

Defense counsel used the prior, inconsistent statement to impeach Shackelford's testimony, but did not request an instruction which would have limited the effect of the prior statement to Shackelford's believability as a witness.

Phelps County Sheriff T.W. Pasley was permitted to testify at trial, over objection of defense counsel, that he had arrested movant about two weeks prior to the murder on the complaint of Bartles, that mov

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

ant had attempted to steal or break into Bartles' vehicle.

After his conviction was affirmed on appeal, movant filed his motion under Rule 27.26. Following a hearing, the motion court made the following relevant findings:

There is no showing that the State failed to disclose that Dale A. Shackelford feared threats which were not made to him personally ... or that such testimony prejudiced Movant and denied him a fair trial ... [Sheriff] Pasley's testimony was relevant as a possible motive for the homocide ... The issue of whether or not the witness, Dale Shackelford, was properly endorsed or disclosed was a matter for direct appeal and may not be attacked collaterally ... No instruction concerning prior inconsistent statements ... was requested. There is no evidence that Movant's trial counsel failed to exercise the customary skill and diligence that a reasonable attorney would have exercised ... In addition, Movant has failed to show he was prejudiced by any action or inaction by his attorney.

Movant's first four points on appeal purport to be complaints about findings of the court which heard the Rule 27.26 motion. However, the arguments under those four points complain of errors made during the course of the original trial. Rather than try to make sense of the inartfully drawn "points relied on," we will simply address the argument portion of the brief.

Movant argues in the first four points that (1) the amended response to discovery relating to Shackelford came so late that movant did not have adequate time to prepare for trial, (2) Shackelford's explanation that he had been threatened was not included in the discovery and was "clearly inadmissible," (3) Sheriff Pasley's testimony relating to the criminal charge against movant for breaking into Bartles' car was not closely connected to the crime of murder and was not admissible at the trial, and (4) the failure of the trial court to give an instruction on impeachment of witnesses by a prior, inconsistent statement, after Shackelford was shown to have made such statement, was improper.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the trial court below are clearly erroneous. Rule 27.26(j). The purpose of Rule 27.26 is to correct constitutional and other serious errors which violate fundamental fairness; the rule may not be used as a substitute for a direct appeal involving mere trial errors, or as a substitute for a second appeal. *Reeves v. State*, 726 S.W.2d 366, 367 (Mo.App.1987). Failure to make proper disclosure by the state and failure to give instructions are ordinarily mere trial errors not subject to review in a Rule 27.26 proceeding. *Johns v. State*, 741 S.W.2d 771, 776 (Mo.App. 1987); *Hanson v. State*, 684 S.W.2d 337, 339 (Mo.App.1984); *Coleman v. State*, 621 S.W.2d 357, 360 (Mo.App.1981). The admission of the testimony of Shackelford and Pasley and the failure to give an unrequested, unrequired instruction, if errors, were of small consequence in the determination of guilt and assessment of punishment. In addition, the admissibility of Pasley's testimony was the subject of a direct appeal and may not be relitigated in this post-conviction proceeding. *Bannister v. State*, 726 S.W.2d 821, 830 (Mo.App.1987), *cert. denied*, —— U.S. ——, 107 S.Ct. 3242, 97 L.Ed.2d 747. We find nothing in movant's first four points to suggest a violation of constitutional rights or of movant's fundamental right to a fair trial.

We turn now to movant's claim of ineffective assistance of counsel. Movant's trial counsel is accused of having been deficient in failing to move for a continuance or object in the face of the amended response to discovery. Movant claims counsel should have moved for a mistrial rather than just making an objection when Shackelford attempted to testify that he had heard of threats against witnesses. Movant's attorney is also charged with having failed to interview witnesses, including the three witnesses called by the defense; Mahaney, Blair, and McCash. Finally, the attorney is claimed to have improperly failed to request MAI–CR2d 3.52, after Shackelford was successfully impeached on cross-examination.

To prevail on a claim of ineffective assistance of counsel, a defendant must show first that counsel's performance was deficient and second, that the deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). The test for prejudice requires that movant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

■ Movant's brief assumes that had defense counsel objected or moved for a continuance when the amended response to discovery was filed, movant would have been entitled to such relief. Movant is wrong. These sanctions may only be imposed when the state fails to comply with discovery. Rule 25.16. Here, the state notified counsel for the defendant of the changes by telephone prior to trial and filed the amended response to discovery before trial, having learned of the change in Shackelford's testimony only two or three days earlier.

■ Even if the amended response was late, the granting of sanctions under Rule 25.16 was discretionary with the trial court and need not be imposed at all in the absence of a showing of prejudice or fundamental unfairness. *State v. Smothers*, 605 S.W.2d 128, 132 (Mo. banc 1980), *cert. denied*, 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 203 (1981). Shackelford's testimony that he saw the stabbing was merely cumulative of other overwhelming evidence to the same effect. Failure to make objections or motions of extremely doubtful validity do not provide a basis for a claim of ineffective assistance of counsel unless there has been a genuine deprivation of a right to a fair trial. *Smith v. State*, 714 S.W.2d 778, 780 (Mo.App.1986).

■ Movant cites no authority for the proposition that counsel was ineffective in failing to request a mistrial rather than just objecting to Shackelford's hearsay statement regarding threats on witnesses. Where defense counsel makes a proper objection, which is sustained, and the jury is thereafter instructed to disregard the inadmissible evidence, the court, in its discretion, may refuse to order a mistrial. *State v. Alexander*, 729 S.W.2d 467, 469 (Mo. banc 1986). Movant had no absolute right to a mistrial. Counsel will not be deemed ineffective for failing to request relief to which movant was not entitled. *Thomas v. State*, 710 S.W.2d 30, 32 (Mo.App.1986).

■ The claim that counsel was ineffective for failing to interview witnesses is meritless. The record only discloses three witnesses who were not interviewed; Mahaney, Blair and McCash. All three were called as defense witnesses to testify that they observed the fight outside the bar although they did not observe the actual stabbing. Each of the witnesses was a friend or acquaintance of the victim and each was originally endorsed as a state's witness. While the record is not specific on this point, defense counsel was apparently familiar with the substance of their testimony from statements obtained through discovery. The fact that defense counsel relied on outside information when he called them as witnesses is not "per se" deficient performance by an attorney. *Stevenson v. State*, 720 S.W.2d 10, 11–12 (Mo. App.1986). When a movant makes a claim that his attorney was ineffective because of failure to investigate or interview witnesses, he must show, among other things, that the testimony would have aided or improved movant's position. *Garrett v. State*, 727 S.W.2d 171, 176 (Mo.App.1987). The record before us is void as to what, if anything, a fuller investigation or further interviews would have disclosed.

■ Movant's final charge of ineffectiveness on the part of his trial attorney complains that counsel failed to request MAI–CR2d 3.52,[2] relating to impeachment by a

2. MAI–CR2d 3.52 states:
   If you find and believe from the evidence that on some former occasion a witness made a statement (inconsistent) (consistent) (inconsistent or consistent) with his testimony in this case, you may consider such evidence for the purpose of deciding the believability of the witness and the weight to be given to his testimony.

prior statement of a witness. That instruction is not mandatory and is required only if requested. See MAI–CR2d 3.52, Notes on Use 1.

 Again, movant assumes the reason the trial counsel failed to request the instruction was because of negligence or incompetence. Sound, objective reasons exist for not giving such a limiting instruction. Had the instruction been given, jurors would not have been permitted to give Shackelford's first statement the effect of evidence. Defense counsel, as a matter of trial strategy, may have hoped the jury would not only disbelieve Shackelford's trial testimony, but would accept as true Shackelford's prior, inconsistent statement. An objectively reasonable choice not to submit such an instruction does not constitute ineffective assistance of counsel. *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984); *Bannister v. State, supra.*

Movant's argument also refers to the motion for continuance filed a few days prior to trial in which defense counsel sought a delay because of his illness, fatigue from other trials, and inability to interview unnamed witnesses. Movant also refers our attention to a statement of counsel during a bench conference in which counsel stated, "I certainly don't want to have to try this case a third time." From this evidence, movant concludes that counsel was ineffective.

Any fair reading of the trial transcript reveals that movant was skillfully and aggressively represented by an experienced attorney, notwithstanding the contents of the motion for continuance and the statement during the bench conference.

From what has been said, we have no trouble concluding that the motion court's findings were not clearly erroneous. The motion court was justified in finding that the admission of the testimony of Shackelford and Pasley and the failing to give the limiting instruction were no more than mere trial errors which were or should have been raised by direct appeal. Finally,

However, in deciding the guilt or innocence of the defendant, any prior statement of the witness must not be considered by you as evidence

the motion court did not err in finding that movant was effectively represented by counsel. The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.

of the matters contained in the statement (except as to those matters admitted by the witness to be true during his testimony in the case).