Clifford Thomas
**SCHNEIDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55048.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Clifford Thomas Schneider appeals the denial after an evidentiary hearing of his Rule 27.26 motion.[1] Appellant had been convicted following his plea of guilty to assault in the first degree. The original information charged him with assault in the first degree by means of a dangerous instrument, a class A felony in violation of § 565.050 RSMo 1978.[2] Under the terms of the plea bargain agreement, the original information was amended to assault in the first degree, a lesser felony charge. Appellant received a suspended execution of sentence of eight years imprisonment with five years probation. A later probation violation resulted in appellant's incarceration.

Appellant filed a *pro se* Rule 27.26 motion alleging ineffective assistance of counsel and asserting that he was improperly charged. Court-appointed counsel filed two amended Rule 27.26 motions for appellant alleging that the guilty plea was involuntary and that the trial court failed to grant credit for all the time the appellant had already served on the charge. Appel-

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and appellant's Rule 27.26 motion was then pending. *See* Rule 29.15(m), effective January 1, 1988.

2. Section 565.050 was amended in 1983, effective October 1, 1984, nearly a year after defendant entered his guilty plea. The 1983 amendment rewrote the section, making assault in the first degree a Class A felony where the defendant inflicted "serious physical injury on the victim."

lant subsequently filed another *pro se* 27.-26 motion asking that the time he spent on restricted probation be credited to his sentence. The trial court dismissed appellant's *pro se* allegations but granted appellant thirty-three days of credit for time spent in jail. After the evidentiary hearing concerning the voluntariness of appellant's guilty plea and effectiveness of trial counsel, the trial court summarily overruled the Rule 27.26 motions. On appeal, this court remanded the action and ordered the trial court to prepare findings of fact and conclusions of law. The trial court complied and entered findings of fact and conclusions of law. We affirm the judgment of the trial court.

Appellant raises two points on appeal. Appellant first argues that the trial court erred by failing to enter specific conclusions of law concerning the issues in appellant's Rule 27.26 motion. Appellant's second point contends the trial court erred by failing to set aside the judgment because he was denied his right to effective assistance of counsel.

■ At the outset we observe· that our review is limited to the determination whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Daniels v. State*, 751 S.W.2d 399, 401 (Mo.App.1988). The findings and conclusions are clearly erroneous only if the appellate court is left with a "definite and firm impression that a mistake has been made" after review of the entire record. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985). We agree that the trial court's conclusions of law are sparse; however, generalized findings may be enough for meaningful appellate review. *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo. App.1985).

In its conclusions of law the trial court gives a reason for overruling each of the five allegations of error in appellant's motion. These conclusions are neither lengthy nor particularly detailed. Nevertheless, they are sufficient for our review. Appellant's first point is denied.

This leads us to appellant's claim of ineffective assistance of counsel. Appellant's claim is based on trial counsel's alleged coercion of appellant's guilty plea, failure to inform appellant that he could file cross-charges against the victim, and failure to inform appellant of the availability of an intoxication defense to a charge of first degree assault.

■ To prevail on a claim of ineffective assistance of counsel a movant must show two things: 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and 2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). When a defendant pleads guilty, inadequacy of representation bears only on whether the plea was made voluntarily. *Francks v. State*, 721 S.W.2d 182, 183 (Mo.App.1986).

■ Trial counsel appeared at the evidentiary hearing on this issue. He testified that he had discussed the implications of the plea bargain agreement with appellant and he felt appellant understood the consequences of the agreement. The record also reflects that the judge at the guilty plea hearing asked appellant several times if he understood the agreement, and appellant always replied that he understood. The judge also reminded appellant that if he violated the terms of his probation he would have to serve the sentence in prison; again, appellant responded that he understood. Appellant's trial attorney testified that he felt, if the case went to trial, appellant would most probably be convicted of a lesser charge because he was a prior offender; therefore, a sentence of imprisonment would certainly ensue. Appellant's trial counsel reasoned that the plea bargain agreement would benefit his client by avoiding the likelihood of imprisonment so long as appellant honored the terms of his probation. Counsel advised his client accordingly. We find these actions of trial counsel meet with the standard of conduct required by *Strickland*. The record indicates, and the trial court clearly found, that the appellant voluntarily agreed to the

terms of the plea bargain after being so advised by his trial counsel. Appellant has failed to meet the first prong of the *Strickland* test.

 Entering a guilty plea waives all claims of error except those concerning whether the plea was made voluntarily. *Vernor v. State*, 603 S.W.2d 89, 91 (Mo. App.1980). Under this principle, trial counsel's failure to inform the appellant that he could file cross-charges against the victim of the assault was irrelevant.

Finally, trial counsel's failure to inform appellant of the intoxication defense to a charge of first degree assault is not cognizable. Neither his *pro se* nor amended Rule 27.26 motions raise this issue. Issues not raised in Rule 27.26 motions may not be considered on appeal. *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App.1986). Appellant's second point is denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.