Richard T. BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44389.

Missouri Court of Appeals,
Western District.

Dec. 24, 1991.

David S. Durbin, Appellate Defender, J. Bryan Allee, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

SHANGLER, Judge.

The defendant Brown appeals from the denial, after hearing, of his motion under Rule 24.035 for post-conviction relief from a twenty-year sentence entered on his plea of guilty to murder in the second degree. He contends that the plea was rendered involuntary by the undue involvement in the plea agreement process by the trial judge, and because of the coercion of trial counsel.

The defendant Brown was formally charged with first degree murder. The defendant moved for change of judge and the Honorable Kenneth R. Lewis was assigned to the case by order of the Supreme Court. The prosecution and the defense came to a tentative plea bargain agreement that exchanged a plea of guilty to murder in the second degree for a ten-year sentence. The proposal was communicated to Judge Lewis by the assistant prosecutor and the judge arranged a date for a meeting. The proposal was then rejected by Judge Lewis, who informed the principals that he would not consider any sentence of less than twenty years. The date for trial was set and, ultimately, before trial was reached, a new plea bargain was reached whereby the defendant pleaded guilty to second degree murder for a twenty year sentence.

It is the plea of guilty entered under that agreement that Brown contends was coerced, and hence, involuntary. He contends, cognately, that the refusal of the post-conviction court to give specific performance to the prior plea agreement for a ten-year sentence for that offense was also error.

The coercive effect attributed to the conduct of Judge Lewis was that he "initiated and participated in an off-the-record plea negotiation conference." The coercion attributed to trial counsel was the advice that "he could expect a death sentence if he chose to go to trial for first degree murder."

There is no dispute that the plea agreement for a ten-year sentence was presented to Judge Lewis in chambers, not on the record, and without the presence of the defendant. The defendant was represented by public defenders Rogers and Gipson. The State was represented by prosecutors Peters and Dolph. The defendant remained in the courtroom. The recollections differ as to at whose instance the proceedings were conducted in camera rather than in the courtroom, or at whose initiative.

The preoccupation with these incidents of the plea agreement presentation is irrelevant to any contention of judicial coercion, and hence to the propriety of the comportment of the trial judge. Rule 24.02(d) sets forth the acceptable standard of judicial conduct in the determination of the voluntariness of a plea of guilty tendered in consequence of plea discussions between the prosecutor and the defendant or counsel.

Rule 24.02

(d) *Plea Agreement Procedure.* The court shall not participate in any such discussions, but after a plea agreement has been reached the court may discuss the agreement with the attorneys including any alternative that would be acceptable.

That it is the *participation* in the discussion that leads to a plea bargain, and not the discussion of the bargain already reached that Rule 24.02(d) and the substantive law enjoin against the court, is given emphasis by the reiteration of paragraph (d) in paragraph (d)1. of the rule. That provision, stated and restated, confirms that once a plea bargain is struck, the court "may discuss the agreement with the attorneys *including any alternative that would be acceptable.*" [emphasis added.]

There is no contention that the judge participated in the plea agreement discussion, but only that he "initiated the meeting in chambers" in order to discuss a plea already negotiated. It was the recollection of defense counsel that the principals were convened there at his request in order to avoid the news media gathered in the courtroom. It was his concern that a news report of an unsuccessful plea of guilty to second degree murder would have made the selection of an unbiased jury more difficult if the case then went to trial.

▆▆▆ The defendant Brown argues that in any event the rejection of the ten-year sentence plea of guilty in chambers was without his presence, nor on the record, nor addressed to him by the judge in open court as Rule 24.02(d)4. prescribes. Those obligations and prerogatives do not arise until the defendant *offers* a plea of guilty. That is made explicit by paragraphs 2., 3., and 4. of Rule 24.02(d) that govern the procedures for the disclosure of the plea agreement, acceptance by the court, or re-

jection by the court. It is then that formal proceedings on the record are required, and the obligation of the judge to inform the defendant personally in open court that the agreement that induced the plea of guilty is rejected. The purpose of that personal advisement is to allow the defendant to withdraw the plea of guilty already tendered to the court. *McCartney v. State,* 657 S.W.2d 289, 290 (Mo.App.1983). It is to ensure the voluntariness of the plea of a defendant who persists notwithstanding that the court has rejected the agreement that induced the plea.

It falls within the spirit of Rule 24.02(d), and the letter as well, that upon request of the parties the trial judge may permit disclosure to him of the tentative agreement in advance of the formal tender of plea for his indication of concurrence or rejection of the proposed disposition. *ABA Standards for Criminal Justice,* 14-3.3 and comments thereto (2ed.1986). It was just such a tentative agreement to plead that was presented to the trial court here and, after thought, was rejected by the court. It did not engage the procedures of subparagraphs 2. and 4. of Rule 24.02(d).[1] It did engage the provision of Rule 24.02(d) that empowers the judge to reject a proposed disposition as inadequate in light of the gravity of the crime, and to discuss an "acceptable alternative." *Kansas City v. Wiley,* 697 S.W.2d 240, 243 (Mo.App.1985).

■ It is totally irrelevant to any propriety of voluntariness of plea that the court may have invited the principals into chambers to discuss their tentative plea agreement initiative, already fashioned. The plea agreement remained executory until accepted by the court and expressed in the judgment and sentence. That is the explicit sense of Rule 24.02(d)3.[2] The plea agreement was not accepted, but rejected. It was not entitled to specific performance. *Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984); *State v. Strauss,* 779 S.W.2d 591, 594[2] (Mo.App.1989).

■ The finding by the motion court that the refusal by Judge Lewis to accept the tentative plea agreement and his comment that he would not consider a sentence of less than 20 years, did not constitute unauthorized participation in the plea negotiations and was not clearly erroneous. Rule 24.035(j).

■ The coercion the defendant attributes to trial counsel to render the plea to the 20 year sentence involuntary was that he could expect a death sentence if he chose to go to trial for first degree murder. It is a matter of record and evidence that the defendant was charged with murder in the first degree along with Richard Oxford. Co-defendant Oxford was tried and received the death penalty. It was in that perspective that trial counsel advised the defendant that if he proceeded to trial on the charge of first degree murder and was found guilty, the likelihood was that a death sentence would be imposed. He advised the defendant that, all considered, he should accept the offer for a twenty-year sentence in exchange for his plea of guilty to murder in the second degree. Counsel also cautioned the defendant that Judge Lewis was not known for leniency toward criminal defendants. It was, of course, the duty of counsel to advise the client of the

---

1. Rule 24.02(d)

   2. *Disclosure of Plea Agreement—Court's Action Thereon.* If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

   4. *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

2. Rule 24.02(d)

   3. *Acceptance of a Plea Agreement.* If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

possible consequences of trial as a basis for an informed decision by the client as to whether to accept or reject the plea agreement. *Conn v. State*, 769 S.W.2d 822, 828[4] (Mo.App.1989). That a defendant may have pleaded guilty in order to avoid the death penalty does not render the plea coerced or involuntary. *Samuels v. State*, 770 S.W.2d 717, 722[6] (Mo.App.1989). Moreover, the claim of coercion is refuted by the guilty plea transcript which records his express denials that threat or coercion prompted his plea and his affirmations that trial counsel gave satisfactory service and did the job well. The defendant is foreclosed by the record from contrary assertion at the hearing on the post-conviction motion. *Cramlett v. State*, 800 S.W.2d 813, 814 (Mo.App.1990). The finding of the motion court that the plea of guilty was voluntary is not clearly erroneous.

The defendant contends also that trial counsel were ineffective for failing to move for a change of judge "when the court began to participate in the plea negotiation process contrary to Missouri Supreme Court Rule 24.02(d)4. and thereby created doubts as to its impartiality." We have sustained the determination of the motion court that Judge Lewis acted with scrupulous regard for Rule 24.02(d), and hence there was no basis to impugn his impartiality. Rule 32.07 limits a party to a criminal proceeding to one change of judge as a matter of course. *State v. Hornbuckle*, 746 S.W.2d 580, 585 (Mo.App.1988). The defendant has already exercised his peremptory change of judge under the rule. There remained only disqualification of judge for the causes enumerated in Rule 32.10. *Id.* There was no legal ground for relief under that rule. Counsel will not be deemed ineffective for failure to request relief to which the defendant is not entitled. *Daniels v. State*, 751 S.W.2d 399, 402[7] (Mo.App.1988).

The judgment denying post-conviction relief from the plea of guilty is affirmed.

All Concur.